James F. Blaikie, Jr. *vs.* District Attorney for the Suffolk District & others.

Norfolk. November 8, 1977. — July 6, 1978.

Present: Hennessey, C.J., Braucher, Wilkins, Liacos, & Abrams, JJ.

*Practice, Criminal,* Agreement between prosecutor and defendant. *District Attorney. Practice, Civil,* Relief in the nature of mandamus, New trial.

A defendant in a murder case was not entitled to specific performance of an alleged plea bargain which would have permitted him to plead guilty to murder in the second degree where he had rejected the offer prior to trial and where he had not changed his position to his prejudice in reliance on the offer. [614-618]

---

[6] Testimony establishing the amount of this loan was conflicting, varying from $6,000 to $15,000.

A defendant in a criminal case was not entitled to a new trial of a civil action in which he sought to enforce an alleged plea bargain on the ground of newly discovered evidence, consisting of a magazine article purporting to describe negotiations culminating in the plea bargain, where the evidence was entirely hearsay and, even if accredited, did not support the claim. [618-619]

CIVIL ACTION commenced in the Supreme Judicial Court for the county of Suffolk on August 4, 1976.

On transfer to the Superior Court, the case was heard by *Morse, J.*, and a motion for a new trial was heard by him.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Paul F. Markham* (*Daniel G. Harrington* with him) for the plaintiff.

*Charles J. Hely*, Assistant District Attorney (*Alice E. Richmond*, Special Assistant Attorney General, with him) for the defendants.

LIACOS, J. This appeal is from the judgment and two subsequent orders denying relief in the nature of mandamus, in a civil action brought by James F. Blaikie, Jr. (Blaikie). The civil action is based on an attempt to enforce an alleged plea bargain made prior to Blaikie's conviction of murder in the first degree, affirmed today in *Commonwealth* v. *Blaikie, ante* 601 (1978).[1] The specific issues for determination are whether the judge below erred (1) by not ordering the district attorney for the Norfolk district to allow Blaikie to plead guilty to murder in the second degree and (2) by denying the motion for a new trial in the civil action to redetermine this issue.

We find no error.

1. *The plea discussions.* We summarize the facts based on the record before us. In July, 1976, Blaikie was a defendant in several criminal cases pending in this Common-

---

[1] Although we did not formally rule on Blaikie's motion to consolidate this appeal with his appeal in the criminal case, we transferred his civil case to this court and have considered both appeals together.

wealth: a Norfolk County indictment for murder in the first degree; five Suffolk County indictments for larceny, forgery, uttering, perjury, and selling insurance without a license; and a complaint in the Municipal Court of the City of Boston for selling mortgaged personal property. On the Norfolk County murder indictment, Blaikie entered a plea of not guilty.

The murder trial was postponed so that Blaikie could be heard on his civil complaint. Blaikie commenced this action in the Supreme Judicial Court for the county of Suffolk. A single justice transferred the case to the Superior Court pursuant to G. L. c. 211, § 4A. The complaint contained allegations that certain assistant district attorneys for the Norfolk district and the Suffolk district, on behalf of the district attorneys for those districts, had agreed to have Blaikie plead guilty to murder in the second degree on the Norfolk County indictment and guilty to the other charges pending in Suffolk County and in the Municipal Court. In exchange for these pleas, Mr. Robert Banks, assistant district attorney for the Norfolk district and Miss Alice Richmond, assistant district attorney for the Suffolk district and special assistant attorney general, allegedly agreed to concur in the reduction of the Norfolk County indictment from murder in the first degree to murder in the second degree, and Miss Richmond allegedly agreed to recommend to the trial judge that sentences on the Suffolk County indictments and the Municipal Court complaint be served concurrently with a life sentence on the charge of murder in the second degree. In the affidavit accompanying the civil complaint, the defendant's counsel admitted rejecting Assistant District Attorney Banks' more limited offer to allow Blaikie to plead guilty to murder in the second degree.

The judge denied relief in the civil action. After an evidentiary hearing, he found that Blaikie failed to prove that the plea agreement covering concurrent sentences for the Suffolk County indictments and the Municipal Court complaint was, in fact, made. Blaikie had claimed that on July 23, 1975, prosecutor Richmond told his defense attorney

that if Blaikie would plead guilty to murder in the second degree on the Norfolk County indictment, they would "wrap up all of the Suffolk County charges with it." The judge found, however, that the term "wrap up" had no settled meaning, and it was just as likely to mean "a charge will be disposed of by a plea of guilty, instead of a trial, as it is that they mean there will be a guilty plea and a concurrent sentence."[2] Furthermore, the judge concluded that Blaikie had not made a prejudicial change in his position in reliance on an ambiguous offer.

A trial of Blaikie on the Norfolk County murder indictment commenced on August 10, 1976, and ended in a mistrial on August 19, 1976. On October 6, 1976, a motion for new trial on the ground of newly discovered evidence was filed in the civil action. That motion was denied on October 20, 1976. On November 3, 1976, one day before the second murder trial, Blaikie filed a motion to vacate the order denying relief in the nature of mandamus. Blaikie asked the judge in this motion to allow him to plead guilty to murder in the second degree in the Norfolk case pursuant to an alleged plea agreement. He also "waived that part of his [alleged] plea-bargaining agreement . . . which referred to any indictments or complaints pending in Suffolk County . . . ." Following a hearing, the judge ruled that it was not then open for Blaikie to accept only part of the claimed original offer. The judge further ruled that even if the offer were open prior to the first trial, the Norfolk district attorney had since then revoked his offer, that a passage of reasonable time from August to November resulted in the

---

[2] The judge found that prosecutor Richmond intended the former meaning and the defense attorney intended the latter. Applying contract principles, the judge thus concluded that "there was no meeting of the minds." While the judge's finding does not affect the result we reach here, we observe that a prosecutor's subjective understanding of his or her promise to the defendant is irrelevant. *Commonwealth* v. *Alvarado*, 442 Pa. 516, 522 (1971). Considerations of fairness require that we determine whether the defendant had reasonable grounds for assuming his interpretation of the bargain. See *United States* v. *Frontero*, 452 F.2d 406, 411 (5th Cir. 1971).

termination of this offer, and that Blaikie had suffered no prejudicial change of position.

On appeal, Blaikie presses his request to have the Norfolk district attorney fulfil the provision of the alleged plea agreement allowing him to plead guilty to murder in the second degree. Blaikie argues that while the agreement relating to the Suffolk County indictments may have been ambiguous, the parties had never disputed the terms of the agreement relating to the Norfolk County murder indictment.

We find no merit to Blaikie's claim. The very result Blaikie seeks to obtain here, he had rejected prior to his first trial. It is not disputed that on July 30, 1976, Assistant District Attorney Banks called Blaikie's counsel and told him that Blaikie could "go forward on the [Norfolk] second degree, without considering the . . . [Suffolk] cases." Blaikie's attorney responded that this was "unacceptable." The scheduled first trial was postponed so that Blaikie could compel performance of the alleged agreement relating to both the Norfolk and Suffolk cases. In an attempt to secure performance of what he believed to be an agreement covering all the charges against him, Blaikie, through his counsel, rejected the alleged agreement pertaining only to the Norfolk County indictment. He cannot now demand that he be allowed to plead guilty to murder in the second degree on this indictment. Cf. *United States* v. *Owen*, 492 F.2d 1100, 1108 (5th Cir.), cert. denied, 419 U.S. 965 (1974).

Assuming arguendo that Blaikie did not reject the offer as to the Norfolk County indictment, and that he may seek to enforce only a portion of an alleged plea agreement, the judge did not abuse his discretion in refusing to apply the remedy of specific performance. In other circumstances we have insisted that the Commonwealth honor its agreement. *Commonwealth* v. *Benton*, 356 Mass. 447 (1969) (plea bargain). *Matter of DeSaulnier (No. 2)*, 360 Mass. 761, 764 (1971) (witness immunity agreement). However, the remedies for a breach of an agreement by the prosecution are not inflexible. Where a defendant has pleaded guilty in reliance

on an unfulfilled promise by the prosecutor to make no sentence recommendation, the Supreme Court left it within the trial judge's discretion whether the circumstances of the case required specific performance of the agreement or the withdrawal of the guilty plea. *Santobello v. New York*, 404 U.S. 257, 263 (1971). See *Correale v. United States*, 479 F.2d 944, 950 (1st Cir. 1973).

A somewhat unusual situation is presented by this action seeking to enforce a plea agreement. Unlike the defendant in *Santobello*, Blaikie never pleaded guilty to the murder indictment, but instead had an opportunity to have a jury determine his guilt or innocence.[3] The judge below found that Blaikie had not changed his position to his prejudice in reliance on the offer, and Blaikie on appeal makes no' claim that his defense at trial was harmed by the allegedly broken agreement. Specific performance may be appropriate "when a plea rests in any significant degree on a promise or agreement of the prosecutor." *Santobello v. New York, supra* at 262. Specific performance is in no sense mandated where no guilty plea has been entered, and the defendant's position has not been adversely affected. See *United States ex rel. Selikoff v. Commissioner of Correction*, 524 F.2d 650, 653-654 (2d Cir. 1975), cert. denied, 425 U.S. 951 (1976).

2. *Motion for new trial.* On October 6, 1976, Blaikie filed a motion for a new trial in the present civil action on the ground of newly discovered evidence. After oral arguments, the judge, who had conducted the evidentiary hearing on the complaint, denied the motion.

The granting of a new trial or evidentiary hearing rests within the sound discretion of the trial judge. See *Common-*

---

[3] See Rule 12 (b) (4) (A) of the Proposed Rules of Criminal Procedure for the District & Superior Courts (July 30, 1976) ("[a]fter commencement of trial any charge concessions or recommendations as to the sentence or other disposition which were agreed upon in a prior plea agreement shall not be binding upon the court or the Commonwealth"). The supplement to the Proposed Rules of Criminal Procedure for the District & Superior Courts (Supp. April 15, 1977) does not contain this provision, but this court has not acted on which version shall be adopted.

*wealth* v. *Dascalakis*, 246 Mass. 12, 32 (1923). Where newly discovered evidence is presented as a ground for a new trial, such evidence must be admissible and sufficiently significant as to influence the trier of fact in reaching a decision. *Davis* v. *Boston Elevated Ry.*, 235 Mass. 482, 495-496 (1920). See *Commonwealth* v. *Cassesso*, 360 Mass. 570, 578-579 (1971), judgment vacated as to death penalty sub nom. *Limone* v. *Massachusetts*, 408 U.S. 936 (1972).

Blaikie based his motion for a new hearing on an excerpt from an article in the September, 1976, issue of Boston Magazine entitled "The Fixer and the High Society 'Murder.'" The article, without indicating sources, purports to describe negotiations culminating in a plea bargain with Blaikie. No affidavits confirmed the information contained in the article. Not only is Blaikie's motion based entirely on hearsay evidence, but the evidence, even if accredited, does not support the claim raised on appeal. Blaikie contends that the newly discovered evidence will attack the credibility of the prosecutor Richmond, whose testimony was important to the judge's findings at the hearing on the mandamus complaint. Such impeachment evidence, however, is ordinarily not a proper ground for a new trial. See *DeLuca* v. *Boston Elevated Ry.*, 312 Mass. 495, 500 (1942). The judge here did not abuse his discretion in denying the motion for a new trial.

*Judgment affirmed.*[4]

---

[4] On motion of the district attorney, the Appeals Court ordered that the record be impounded. This order of impoundment is vacated.