COMMONWEALTH *vs.* ANTONIO MENDEZ. October 12, 1979. 1. There is no genuine question as to the sufficiency of the evidence to warrant a finding of guilt, even if we exclude from consideration all the real and identification evidence the defendant still claims was improperly admitted. 2. The victim's testimony of the threat made by McDaniels was properly admitted in evidence on the authority of numerous cases such as *Commonwealth* v. *Pleasant*, 366 Mass. 100, 103-104 (1974), and *Commonwealth* v. *Beckett*, 373 Mass. 329, 335-337 (1977). See *Dutton* v. *Evans*, 400 U.S. 74, 80-88 (1970) (plurality opinion). 3. The judge did not abuse his discretion (a) in refusing to entertain the defendant's pro se motion (not proffered until the second day of trial) to suppress the "line-up" at the "jail house" or (b) in denying counsel's request (made at the same time) for a voir dire examination of the victim concerning that "line-up." Of particular relevance are counsel's representation to the judge on the first day of trial that "copies of police reports, copies of statements of investigation [and] copies of statements of witnesses" had been made available to himself and the defendant, and the defendant's failure to follow up on the judge's announced disposition to reconsider both rulings if the defendant should submit an affidavit of the type contemplated by Rule 61 of the Superior Court (1974). See *Commonwealth* v. *Gauthier*, 5 Mass. App. Ct. 185, 187-188 (1977); *Commonwealth* v. *Perkins*, 6 Mass. App. Ct. 964 (1979). 4. The record contains no factual support for the assertion concerning the con-

tents of the police department supplemental report upon which the defendant based his motion for a mistrial; nor does it appear that that report was put before the judge. 5. The provisions of G. L. c. 278, § 33E, do not apply to a conviction under G. L. c. 265, § 17. 6. No constitutional or other objection was raised below to the defendant's being seated in the prisoner's dock. "If there was error, we are unable to discover any risk of prejudice." *Commonwealth* v. *Moore*, 379 Mass. 106, 111 (1979). 7. There is no merit to any of the other assignments of error which have been argued. 8. The minimum sentence recommended by the prosecutor, imposed by the judge and upheld by the Appellate Division was close to the minimum required by the proviso of G. L. c. 265, § 17, was fully justified by the evidence at trial, and appears to have been further justified by the defendant's probation record (which has not been made part of the appellate record but which prompted the observation by the judge that the defendant had already been "burnt twice"). The mere fact (known to the judge) that the prosecutor had been prepared during the course of plea bargaining to recommend a somewhat more lenient sentence (see *Bordenkircher* v. *Hayes*, 434 U.S. 357, 362-365 [1978]) does not warrant an inference that the judge punished the defendant for insisting on his right to trial. There is nothing else in the record which warrants any such inference. Contrast *Letters* v. *Commonwealth*, 346 Mass. 403, 405-406 (1963). See generally *Commonwealth* v. *Longval*, 378 Mass. 246 (1979).

*Judgment affirmed.*

*Raymond H. Giguere* for the defendant.

*Daniel F. Toomey*, Assistant District Attorney, for the Commonwealth.