COMMONWEALTH *vs.* HUBERT LEE SMITH, JR.

Suffolk. September 15, 1981. — October 29, 1981.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Criminal*, Agreement between prosecutor and defendant, Plea, Appeal, New trial, Capital case.

Where a prosecutor had offered prior to a murder trial and during the early portion of the trial to permit the defendant to plead guilty to murder in the second degree on the condition that a codefendant also would plead guilty to second degree murder but the codefendant had refused the offer, the plea bargain offer as to the defendant was no longer in effect after the case had gone to the jury, the jury had returned with questions implying that a verdict of guilty of murder in the first degree would be returned, and the codefendant had pleaded guilty to second degree murder. [520-523]

INDICTMENT found and returned in the Superior Court on February 17, 1978.

The case was tried before *McGuire*, J., and a motion for a new trial was heard by him.

*Brian M. McMahon (Calvin J. Wier* with him) for the defendant.

*Thomas J. Mundy, Jr.*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant challenges his conviction for murder in the first degree. He raises the issue of how long an offer made by the prosecutor during plea bargain negotiations remained open, when, as here, there was no detrimental reliance on the offer. The defendant claims that the prosecutor's offer permitted him to plead guilty to murder in the second degree even after the jury had retired and had come back to ask certain questions which implied that a verdict of guilty of murder in the first degree would be returned against the defendant. We agree with the trial judge, who

denied the defendant's motion for a new trial, that no enforceable agreement was made when the defendant attempted to accept the prosecutor's offer made before trial and renewed during the early portion of the trial. The defendant's appeal from his conviction is also before us, although no separate argument is made on the appeal. We see no reason pursuant to G. L. c. 278, § 33E, to disturb the jury's verdict.[1]

1. The defendant, then twenty-one years old, and one Hill, then fifteen years old, were charged with committing murder on February 10, 1978. The evidence indicated that the defendant, and not Hill, had used the murder weapon. They were tried together in October, 1978. Before trial and during trial, counsel for the defendant indicated that his client was anxious to plead guilty to murder in the second degree. The prosecutor said that he would take such a plea from the defendant only if Hill also pleaded guilty to murder in the second degree.[2] Counsel for Hill indicated that Hill would not enter into any plea negotiations, and Hill maintained this position throughout the trial. The case was submitted to the jury. In the course of their deliberations the jury sent three questions to the judge. These questions, which are quoted in the margin,[3] indicated that

[1] The defendant was also convicted of assault with intent to rob while armed and of unlawfully carrying a firearm. The defendant does not challenge these convictions before us, and we consider them as not being properly here on appeal.

[2] The defendant does not challenge the "package deal," which required pleas from each defendant as a condition of the bargain. Such an arrangement has survived challenge. See *United States* v. *Bambulas*, 571 F.2d 525, 526-527 (10th Cir. 1978); *People* v. *Barnett*, 113 Cal. App. 3d 563, 573 (1980). Cf. *Commonwealth* v. *Balliro*, 370 Mass. 585, 589-590 (1976).

[3] "1. Does a vote of guilty of committing armed robbery which resulted in a murder require the jury to vote guilty of first degree murder or do we have a choice between first and second degree?

"2. If we do have the option of finding the defendant guilty of murder two, can you give us an example of how this situation might occur?

"3. Can we find one defendant guilty of murder one and the other of murder two, or does the law preclude this possibility if both are guilty of a felony-murder?"

the jury were likely to find the defendant (who was the older of the two and who allegedly fired the fatal shot) guilty of murder in the first degree and Hill guilty either of murder in the first degree or murder in the second degree.[4]

After considerable discussion and consideration of the likely effect of the questions, Hill pleaded guilty to murder in the second degree. The prosecutor did not object to the reception of such a plea. Hill's plea was accepted, and he was sentenced. Counsel for the defendant urged that the same plea be accepted from his client, but the prosecutor opposed it. He said that the defendant was the more culpable of the two and that he regarded all plea negotiations to have ended when the jury received the case. The judge rejected the tendered plea and answered the questions. The jury, now only concerned with the defendant, returned a verdict of guilty of murder in the first degree.

In passing on the defendant's motion for a new trial, the judge found that there had been no agreement at the time the jury received the case. We construe this to mean that the prosecutor's conditional plea bargain offer was no longer outstanding at that time. He further found that all negotiations had terminated when the case went to the jury. He also found that the defendant had not shown that he had relied to his substantial detriment on the prosecutor's agreement and that the defendant's position was not prejudiced by reliance on any promise by the prosecutor.

We will enforce a prosecutor's promise where the defendant has reasonably relied on that promise to his detriment. *Commonwealth* v. *Benton*, 356 Mass. 447, 448 (1969). See *Commonwealth* v. *Spann*, 383 Mass. 142, 145 (1981); *Commonwealth* v. *Tirrell*, 382 Mass. 502, 511-512 (1981). Certainly, where a defendant has accepted a prosecutor's offer

---

[4] The questions were particularly perceptive in asking about a jury's authority to return a verdict of murder in the second degree when a murder has occurred in the commission or attempted commission of a crime punishable by life imprisonment. See *Commonwealth* v. *Dickerson*, 372 Mass. 783, 795-796 (1977); *id.* at 802 (Quirico, J., concurring); *id.* at 812-813 (Braucher, J., concurring).

in circumstances in which, on principles of contract law, there would be an enforceable contract, the defendant may obtain relief if he has been harmed by his reliance on a promise on which the prosecutor has reneged.  See *Santobello* v. *New York*, 404 U.S. 257, 262 (1971).

We would go beyond contract principles to order specific performance of a prosecutor's promise even where no contract may have existed, if, on principles of fundamental fairness encompassed within notions of due process of law, the promise should be enforced.  Although some would take the view that a prosecutor's promise made in the course of plea bargaining should be enforced even where the defendant did not reasonably rely on that promise to his detriment, at least where no intervening, extenuating circumstances exist (see *Commonwealth* v. *Tirrell, supra* at 513 [Kaplan, J., dissenting]; *Cooper* v. *United States*, 594 F.2d 12, 18-19 [4th Cir. 1979]), we have not gone that far.  See *Commonwealth* v. *Tirrell, supra* at 511-512; *Blaikie* v. *District Attorney for the Suffolk Dist.*, 375 Mass. 613, 618 (1978). Where there is no detrimental reliance and a prosecutor's offer to accept a plea is withdrawn, the defendant is left with the adequate remedy of having a trial.  See *Government of the V.I.* v. *Scotland*, 614 F.2d 360, 365 (3d Cir. 1980); *People* v. *Barnett*, 113 Cal. App. 3d 563, 574 (1980). The defendant is in no worse position than he would have been if the prosecutor had made no plea bargain offer at all. *Id.* A defendant has no right to insist that the prosecutor participate in plea bargaining.  *Weatherford* v. *Bursey*, 429 U.S. 545, 561 (1977).

While we will protect a defendant's reasonable expectations where he has been harmed by his reliance on a prosecutor's promise, we should not unnecessarily restrict the plea bargaining process.  By a careful phrasing of his plea bargain agreement, a prosecutor, of course, can control the duration and scope of his offer.  The rule we have adopted gives prosecutors substantial freedom to exercise their discretion in plea bargaining, while protecting defendants' reasonable expectations.  The test as to whether there was

an enforceable promise is "whether the defendant had reasonable grounds for assuming his interpretation of the bargain" (*Blaikie* v. *District Attorney for the Suffolk Dist.,* *supra* at 616 n.2) and whether he relied on that interpretation to his detriment. The prosecutor's own view of his promise to the defendant is irrelevant. *Id.*

Turning to the circumstances of the case before us, we conclude that the plea bargain offer was not in effect when the jury returned with questions for the judge. In the normal course of events, in the absence of an explicit agreement to the contrary, we would expect no defendant reasonably to believe that a plea bargain offer was outstanding after the case was submitted to the jury. Certainly, the defendant here had no reasonable basis to assume the offer was viable at the time the jury asked questions strongly indicating that the defendant was likely to be found guilty of murder in the first degree. The reasons for the prosecutor to accept a plea bargain had ceased to exist. The trial had been held, and, thus, the motivation to conserve prosecutorial and judicial resources no longer prevailed. The risk that the evidence would not support the charges was gone. And, because of the implication of the jury's questions, the possibility that the jury might return a verdict less than that sought by the prosecution was substantially reduced.

We note that, even if the offer had been outstanding at the time the jury returned with their questions, the defendant has made no showing that he relied on the prosecutor's promise to his detriment. His trial tactics were not affected in any respect. Nor should they have been, because it was clear, until the jury asked their questions, that the defendant Hill was not going to plead guilty to murder in the second degree, and, hence, the condition of the prosecutor's promise was not going to arise.

2. Although there is an assignment of errors in the record before us, the defendant has not argued any assignment of error, except the issue which is also raised by his motion for a new trial. Consistent with his principal contention before us, the defendant argues only that we should exercise our

authority under G. L. c. 278, § 33E, to order the entry of a verdict of guilty of murder in the second degree. Thus the defendant advances no argument that any other error of law in the course of the trial warrants a new trial or the entry of a verdict of guilt of a lesser offense. In general practice, to avoid piecemeal appellate consideration of a case, a defendant's appeal from his conviction should, when possible, be combined for review with his appeal from the denial of any motion for a new trial.

Our duty under G. L. c. 278, § 33E, to consider the entire case and determine whether, in the interests of justice, relief should be granted does not depend on the defendant's making particular contentions before this court. *Commonwealth* v. *Brown*, 376 Mass. 156, 166-168 (1978). In this case, the absence of focused argument under G. L. c. 278, § 33E (beyond the one issue advanced), makes our task more difficult and may suggest that defense counsel does not regard any other possible argument as meritorious. In any event, we have fulfilled our obligation and see no reason to order a new trial or the entry of a verdict of a lesser degree of guilt.

*Order denying the motion for*
*a new trial affirmed.*

*Judgment on the murder*
*indictment affirmed.*