COMMONWEALTH vs. FRANCIS M. SOUZA.

Bristol.    February 11, 1983. — May 9, 1983.

Present: BROWN, KAPLAN, & GREANEY, JJ.

*Practice, Criminal,* Instructions to jury, Burden of proof, Sentence. *Due Process of Law,* Sentence. *Unnatural Sexual Intercourse.*

At a rape trial the judge's charge to the jury, considered as a whole, did not undermine the reasonable doubt standard or impermissibly shift the burden of proof to the defendant.  [741-743]

In view of the factual circumstances of a rape case, the judge's instruction to the jury that "if you find . . . [fellatio] to be unnatural, that again is an offense against this statute if it is done by force and against the will," did not prejudice the defendant.  [743-744]

In sentencing a criminal defendant who has testified on his own behalf, a judge may not take into consideration his belief that the defendant lied in testifying during the trial.  [744-747]

There was no merit to a contention by a defendant convicted of rape and related charges that he received a harsher sentence than he otherwise would have because he exercised his right to a trial by jury.  [747-748]

INDICTMENT found and returned in the Superior Court on June 6, 1975.

The case was tried before *Keating,* J.

*J. Russell Hodgdon* for the defendant.

*Patricia O. Ellis,* Assistant District Attorney (*Kerry Shortle,* Assistant District Attorney, with her) for the Commonwealth.

BROWN, J.   The defendant was found guilty, after a jury trial in the Superior Court, of rape, kidnapping, and assault and battery.   In 1977, the defendant filed a claim of appeal pursuant to G. L. c. 278, §§ 33A-33G.   A motion for new trial was filed on October 3, 1980, and was denied.   The defendant now appeals from the rape conviction, the others having been placed on file, and the denial of his motion for a new trial.

The factual circumstances of this case have little practical significance on appeal. The defendant's principal claims of error go to alleged legal defects in certain portions of the judge's instructions to the jury and to the judge's considering and using, on disposition, the defendant's allegedly perjured trial testimony and a dismissed prior criminal charge. The defendant also claims that he received a more severe sentence because he exercised his right to a trial by jury.

1. The defendant claims that the judge's charge to the jury undermined the reasonable doubt standard and improperly shifted the burden of proof. Where, as here, none of the defendant's claims of error rests on a valid objection or relates to a suggested instruction submitted before or after the charge, we will reverse only if we find that the instructions given created "a substantial risk of a miscarriage of justice." *Commonwealth* v. *Wood*, 380 Mass. 545, 547 (1980), quoting from *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967). Considering the charge as a whole, and not by bits and pieces, nor by fragments lifted from context and then subjected to scrutiny as though each fragment had to stand or fall on its own without the aid of the remainder of the charge, *Commonwealth* v. *McInerney*, 373 Mass. 136, 149 (1977), we conclude that there was no prejudicial error. See *Commonwealth* v. *Spann*, 383 Mass. 142, 150-151 (1981). See also *Commonwealth* v. *Tavares*, 385 Mass. 140, 147-149 (1982). "Once the trial judge gave an adequate and accurate charge on the Commonwealth's burden of proof, 'he was not required to repeat the same instruction with each of the other subjects discussed in the remainder of his charge.'" *Commonwealth* v. *Gibson*, 368 Mass. 518, 528 (1975), quoting from *Commonwealth* v. *Redmond*, 357 Mass. 333, 342 (1970).

The judge instructed at the outset on the presumption of innocence and told the jury that "the government has the burden of proof: it never shifts." The judge also instructed the jury that "the burden of proof is always on the prosecution to prove each and every item and element." See *Commonwealth* v. *Fitzgerald*, 380 Mass. 840, 842-843 (1980).

The trial judge gave the required definition of reasonable doubt. See *Commonwealth* v. *Webster*, 5 Cush. 295, 320 (1850). Furthermore, the judge properly equated the requirement of proof beyond a reasonable doubt with proof of guilt to a moral certainty by repeatedly emphasizing that "you [must be] satisfied to a moral certainty in your minds, in your consciences, to an abiding conviction." See *Commonwealth* v. *Williams*, 378 Mass. 217, 232-233 (1979).

(a) The defendant complains of the judge's instruction that "if we . . . require absolute certainty, proof beyond all doubt, well it would exclude conviction in many cases." That language, although ill-advised, did not communicate to the jury that the prosecutor's burden was something less than proof beyond a reasonable doubt (compare *Commonwealth* v. *Williams*, *supra* at 234-235), as immediately before the judge gave the challenged language, he gave the definition of reasonable doubt, relying on the approved language of *Commonwealth* v. *Webster*, *supra*. See *Commonwealth* v. *Tavares*, 385 Mass. at 148-149.

(b) The defendant further complains that the judge lessened the standard of proof by referring analogically to decisions the jurors might make in their personal and business affairs. See cases collected at *Commonwealth* v. *Ferreira*, 373 Mass. 116, 129 (1977), criticizing the use of this type of analogy. The judge here stated that the reasonable doubt doctrine is "not a different standard to be applied here than you apply at home, or in your business." He did not, however, "call[ ] forth . . . specific images." *Commonwealth* v. *Williams*, *supra* at 232. Taking into account the complete set of instructions given, we do not think that the defendant was harmed. See *Commonwealth* v. *Coleman*, 366 Mass. 705, 712 (1975).

(c) The defendant also asserts that the use of "finding" language shifted the burden onto him. We do not agree. In addition to the burden "never shifts" language cited earlier, the judge informed the jury that in order to convict, the jury had to find the facts to support the elements of the offenses which the Commonwealth was required to prove. See

*Commonwealth* v. *Medina,* 380 Mass. 565, 578-579 (1980). Contrary to the defendant's argument, there was no implication that the jury had to find the absence of these elements in order to acquit. See *Commonwealth* v. *Fitzgerald,* 380 Mass. at 845.

(d) The defendant's final argument is that another comment by the judge ("if you find that he didn't assault and batter her, didn't use a chain, then he is not guilty") improperly led the jury to believe the defendant carried the burden of proving his innocence. As already mentioned, on appeal, we "view the charge in its entirety since the adequacy of instructions must be determined in light of their over-all impact on the jury." *Commonwealth* v. *Sellon,* 380 Mass. 220, 231-232 (1980). When this comment is viewed in that context, the defendant's argument is shown similarly to be without merit. The entire charge "makes clear the Commonwealth's burden." *Commonwealth* v. *Medina,* 380 Mass. at 578. *Sandstrom* v. *Montana,* 442 U.S. 510, 514 (1979). See also *Commonwealth* v. *Repoza,* 382 Mass. 119, 134 (1980).

2. The trial judge instructed the jury that "if you find . . . [fellatio] to be unnatural, that again is an offense against this statute if it is done by force and against the will." The defendant argues that this was error, as it allowed the jurors to define unnatural sexual intercourse in such a manner as to include anything that they might find personally distasteful. Unnatural sexual intercourse is defined as including "fellatio, cunnilingus, and other intrusions of a part of a person's body or other object into the genital or anal opening of another person's body." *Commonwealth* v. *Gallant,* 373 Mass. 577, 584 (1977). As there can be no doubt that fellatio is an offense under the statute, the language could not have disadvantaged the defendant, and may very well have been of some benefit.

The defendant's contention that the jury may have found that the alleged use of the chain or table leg constituted unnatural intercourse is unavailing for several reasons. The trial judge gave a very narrow instruction to the effect that

unnatural sexual intercourse requires insertion of the penis into the mouth. *Commonwealth* v. *Manning*, 6 Mass. App. Ct. 430, 435 (1978). In any event, consideration by the jury of the use of the table leg would not have been error, in light of the testimony that the defendant had inserted a table leg into the victim's anal cavity. *Commonwealth* v. *Gallant*, *supra*.

3. After the jury had returned the verdicts, the judge reviewed the defendant's criminal record and the probation report, and heard argument of counsel. Defense counsel requested that the court defer sentencing and commit the defendant to Bridgewater State Hospital for a sixty-day evaluation to determine whether he was sexually dangerous.

The judge expressed an inclination to sentence the defendant and to leave the determination of whether there should be an evaluation of the defendant to the prison administrators.

Defense counsel noted that the Commonwealth would have recommended seventeen years in Concord if the defendant had pleaded guilty, and the fact that the defendant went to trial, he implied, should not be held against him.

The judge responded that the defendant "shouldn't be punished for going to trial. But I certainly am going to take into consideration the bold lie that apparently he chose to make about having nothing to do with this woman." The judge deferred sentencing on the kidnapping and assault and battery convictions. Concerning the conviction for rape, the defendant was ordered committed to Bridgewater State Hospital for observation pursuant to G. L. c. 123A, § 4. The judge indicated at that juncture that if the defendant were to be found sexually dangerous, he would be sentenced to the State facility for the sexually dangerous at Bridgewater. We presume from the record that the defendant was not so found because when the evaluation process was concluded, the judge imposed a sentence to State prison.

Citing *Commonwealth* v. *Murray*, 4 Mass. App. Ct. 493 (1976), the defendant contends that the judge's remark reflects that the sentencing proceedings were tainted with

improper considerations. The Commonwealth, on the other hand, relying principally on *United States* v. *Grayson,* 438 U.S. 41 (1978), argues that the judge acted properly.

The question whether a judge can, consistent with Federal constitutional requirements, take into account in passing sentence his perception of the defendant's credibility as a trial witness was discussed by a divided United States Supreme Court in the *Grayson* case. A majority of the Court, speaking through the Chief Justice, held the consideration proper, as "the defendant's readiness to lie under oath, especially when, as here, the trial court finds the lie to be flagrant, may be deemed probative of the defendant's prospects for rehabilitation." *Id.* at 52. That Court reasoned that there is no protected right to commit perjury. *Id.* at 54. The majority indicated that it was merely reaffirming the authority of the sentencing judge to evaluate carefully a defendant's testimony in order to determine whether that testimony contained wilful and material falsehoods, and, if so, assess in light of all the other knowledge gained about the defendant the meaning of that conduct with respect to his prospects for rehabilitation and restoration to a useful place in society. *Id.* at 55.

Three Justices dissented from the majority's view. In an opinion authored by Justice Stewart, they thought the practice to be plainly improper. They noted that there was no fair process for determining whether the defendant's testimony was false and that no limitations or safeguards were prescribed to minimize a defendant's rational fear that his truthful testimony would be perceived as false. *Id.* at 57. Weighing the interests involved, Justice Stewart concluded that the minimal contribution that determinations of credibility make to the over-all assessment of the defendant's potential for rehabilitation cannot justify imposition of an additional burden on the right to testify. *Id.* at 58.

Two years prior to the *Grayson* decision, this court considered the question in *Commonwealth* v. *Murray,* 4 Mass. App. Ct. 493 (1976). There we held (after canvassing the much divided state of the then existing law in the Federal

Circuit Courts of Appeal) that punishing a defendant for lying is improper as, in effect, the sentence includes a punishment for perjury although the defendant has not been indicted for perjury, and though no such charge has been proved at a criminal proceeding. Such a practice is "judgment by hunch — without accusation and without opportunity to defend." *Id.* at 496, quoting from *United States* v. *Moore,* 484 F.2d 1284, 1288 (4th Cir. 1973) (Craven, J. concurring). "Fairness suggests that a sentencing judge should not permit the sentence to vary because of his belief that the defendant is guilty of [perjury]." *Commonwealth* v. *LeBlanc,* 370 Mass. 217, 223 (1976). Cf. *Commonwealth* v. *Sitko,* 372 Mass. 305, 313 (1977) ("A judge's belief in the guilt of a defendant as to another potential . . . charge should play no part in the sentencing process"). "[P]unishment for perjury [should occur] only upon indictment and conviction in accord with the full protections of the Constitution." *United States* v. *Grayson,* 438 U.S. at 58 (Stewart, J., dissenting). See also G. L. c. 268, § 4 ("the court may forthwith . . . require him . . . to answer to an indictment for perjury"). Further, such a heavy burden "must inevitably chill a defendant's right to testify in his own defense." *Commonwealth* v. *Murray, supra* at 496.

We think the reasoning of the dissenters in the *Grayson* case is the more persuasive. "[A] sentencing judge may not undertake to punish the defendant for any conduct other than that for which the defendant stands convicted in the particular case." *Commonwealth* v. *LeBlanc,* 370 Mass. 217, 221 (1976). Punishing the defendant for seemingly telling a "bold lie" is improper under the law of this Commonwealth. *Commonwealth* v. *Murray, supra* at 496. To do so "would needlessly discourage the accused from testifying in his own behalf." *Id.* at 497, quoting from *Scott* v. *United States,* 419 F.2d 264, 269 (D.C. Cir. 1969). Simply and succinctly put, "all defendants who choose to testify, and only those who do so, [would] face the very real prospect of a greater sentence based upon the trial judge's unreviewable perception that the testimony was untruthful."

*United States* v. *Grayson,* 438 U.S. at 56-57 (Stewart, J., dissenting). Much of that reasoning is embodied in the *Murray* decision, the holding of which we conclude should continue to represent the law of this Commonwealth in circumstances like the present. The defendant here must be resentenced. Although "it is not a function of this court to review an otherwise lawful sentence which is within the limits of the applicable statutory provisions . . . [,] where it appears, as it does here, that a defendant was sentenced for a crime other than that of which he was convicted, it is within the appellate power of this court to vacate the sentence and to take steps necessary to correct the error." *Commonwealth* v. *Franks,* 365 Mass. 74, 81 (1974), S. C. 369 Mass. 608 (1976). *Commonwealth* v. *Murray,* 4 Mass. App. Ct. at 498.

4. The defendant also alleges that he received a harsher sentence because he exercised his right to a trial by jury. That contention is answered in all material respects by *Commonwealth* v. *Joseph,* 11 Mass. App. Ct. 879, 880-882 (1981). See *Bordenkircher* v. *Hayes,* 434 U.S. 357, 364 (1978). At the close of the Commonwealth's evidence, the defendant attempted to plead guilty without admitting his culpability in the crime. The trial judge refused to accept the defendant's plea. This was not error. The judge properly could (and did) exercise his discretion in this regard. See *United States* v. *Bednarski,* 445 F.2d 364, 366 (1st Cir. 1971). An inference is not warranted in the circumstances that "the judge punished the defendant for insisting on his right to trial." *Commonwealth* v. *Mendez,* 8 Mass. App. Ct. 914, 915 (1979).

Nor will the instant record sustain a claim of prosecutorial vindictiveness. The prosecutor here was not bound by the plea bargain offer after the case had been given to the jury. See *Commonwealth* v. *Smith,* 384 Mass. 519, 523 (1981). Cf. *Blaikie* v. *District Attorney for the Suffolk Dist.,* 375 Mass. 613, 618 (1978) ("Specific performance is in no sense mandated where no guilty plea has been entered"). In fact, the prosecutor's recommendation was in accord with the plea bargain offer.

5.  We are troubled by the judge's apparent consideration during sentencing of a prior criminal charge against the defendant which had been dismissed.  However, as the defendant is to be resentenced, it is merely necessary at this juncture to advise the sentencing judge to take care to punish the defendant only for the charge for which he presently stands convicted.  *Commonwealth* v. *LeBlanc, supra* at 221.

Accordingly, the defendant's sentence is vacated and the case is remanded to the Superior Court for resentencing. The order denying the motion for a new trial is affirmed.

*So ordered.*