COMMONWEALTH *vs.* ROBERT BANKER. March 13, 1986. *Rape. Evidence,* State of mind, Relevancy and materiality. *Practice, Criminal,* Sentence.

Following a jury trial in the Superior Court, the defendant was convicted of unaggravated rape, incest, and indecent assault and battery on a person having attained the age of fourteen. He was sentenced to concurrent terms of imprisonment at M.C.I., Cedar Junction. On appeal, he argues that his convictions should be reversed because of error in the admission of certain testimony of the victim. Should this contention fail, he argues that his sentences should be vacated and that he should be resentenced because the judge impermissibly punished him for exercising his right to a trial by jury

1. The case involves the sexual assault and rape by the defendant of his seventeen year old daughter. Prior to trial, the judge allowed a motion in limine filed by the defendant's trial counsel to exclude all testimony of a prior incident of sexual abuse of his daughter allegedly committed by the defendant when she was twelve. The judge denied a second motion in limine, which sought to exclude testimony by the victim about a statement made to her by the defendant just prior to the sexual assaults.

At trial, the victim testified as follows about the statement. At approximately 5:30 A.M. on April 4, 1984, the victim saw the defendant standing at the doorway of her bedroom. They were home alone. As the defendant

---

approached the bed, his daughter asked him what he was doing in her bedroom. The defendant replied: "I want what I wanted when you were twelve." The defendant then undressed and got into bed with his daughter. The defendant thereafter engaged in various sexual acts with his daughter and eventually had intercourse with her. Except for the victim's question as to what the defendant was doing in her bedroom, and the defendant's answer — "I want what I wanted when you were twelve" — no further conversation took place during the entire incident, which lasted about thirty to forty-five minutes.

The defendant makes several arguments to the effect that the admission of the statement deprived him of his constitutional right to a fair trial because the statement informed the jury of an alleged prior bad act with his daughter. We reject these arguments. The statement, which contained no explicit reference to any prior bad act of the defendant, constituted an expression of the defendant's present sexual desire for his daughter and indicated that the defendant had felt similar lust in the past. 2 Wigmore, Evidence §§ 398, 399 (Chadbourn rev. 1979). As such, it was relevant: (a) to show the defendant's intent to commit an indecent assault and rape, cf. *Commonwealth v. Bemis*, 242 Mass. 582, 585 (1922); *Commonwealth v. Machado*, 339 Mass. 713, 714-715 (1959); *Commonwealth v. Rossi*, 19 Mass. App. Ct. 257, 261 (1985); *Commonwealth v. Lefkowitz*, 20 Mass. App. Ct. 513, 518-519 (1985); and (b) to describe a sequence of inextricably connected events occurring moments before the assaults, see *Commonwealth v. Durkin*, 257 Mass. 426, 428 (1926); *Commonwealth v. Bradshaw*, 385 Mass. 244, 269-270 (1982). Either of these theories justified the admission of the testimony.

2. It was disclosed during the sentencing proceedings that, after the conclusion of the trial, the victim had attempted suicide and had been hospitalized at the Metropolitan State Hospital. It was represented that the victim's posttrial difficulties had resulted from "her feelings of tremendous guilt concerning the fact that she felt obliged to testify against her father and the fact that [he] is now incarcerated." During the proceedings, there was also considerable discussion of whether "[t]he ante ha[d] been upped" by the prosecutor's recommendation of a sentence of nine to fifteen years of imprisonment for the convictions. (The defendant's trial counsel claimed that prior to trial the prosecutor had offered "five-to-seven on a plea and eight-to-ten after trial"; the prosecutor denied any memory of such representations.) The defendant's trial counsel argued his understanding of the difference (in terms of the defendant's incarceration time and eligibility for parole) between the prosecutor's sentencing recommendation after the trial and the prosecutor's alleged recommendations before the trial. The judge interrupted the argument and stated to defense counsel: "You should have thought of that when he [the defendant] could have pleaded before trial so

she [his daughter] wouldn't have [had] to testify"[1] At the conclusion of the sentencing arguments, the judge sentenced the defendant to a term of not less than fifteen nor more than twenty years of imprisonment on the rape conviction and concurrent terms of fifteen to twenty years and three to five years on the incest and indecent assault and battery convictions, respectively. A timely motion to vacate the sentences (and for resentencing) predicated, among other grounds, on the quoted remarks made by the judge was denied.[2]

The defendant argues that the remarks indicate that the judge impermissibly punished him because his exercise of his constitutional right to a jury trial required that the victim testify, an experience which caused her to harbor feelings of guilt and to attempt suicide. A judge may not punish a defendant for the exercise of his constitutional right to have his guilt decided after a trial by jury. See *Commonwealth* v. *Souza*, 390 Mass. 813, 818 (1984); *Longval* v. *Meachum*, 693 F.2d 236, 238 (1st Cir. 1982), cert. denied, 460 U.S. 1098 (1983). The judge's remarks are ambiguous. On the one hand, the defendant may have improperly incurred added punishment for his insistence on a trial which led to the victim's posttrial depression. On the other hand, it would have been proper for the judge, when weighing the sentences, to consider facts learned in the course of the victim's testimony about the seriousness of the crime and also to consider the physical or psychological difficulties that the victim had suffered, and would continue to suffer, as a result of the crimes themselves. See G. L. c. 279, § 4B. The difference is between punishing the defendant for trauma caused by the crime and punishing him for a consequence incidental to his claim of a constitutional right to have a jury decide his guilt. If a defendant can suffer increased punishment for the latter, almost every case will justify an added sentence because in almost every case the victim suffers some emotional disturbance by coming to court to testify.

We cannot tell with certainty which considerations motivated the judge's remarks in this case.[3] The reduction of the sentence by the Appellate Division does not resolve the problem. See *Commonwealth* v. *Souza,* 390 Mass. at 817. In fairness, we think that the sentencing phase of this case must be free of any suggestion of impropriety on the part of the judge. That purpose can only be satisfied by vacating the sentences and ordering resentencing. We also think that the appearance of fairness requires that resentencing take

---

[1] The defendant's trial counsel concluded his sentencing argument by requesting that the judge give "serious consideration to the eight-to-ten versus the nine-to-fifteen situation."

[2] A motion to revoke and revise the sentences was also denied by the judge. The defendant's sentence on the rape conviction was subsequently reduced by the Appellate Division of the Superior Court to a term of twelve to fifteen years.

[3] The judge's denial of the defendant's motion to vacate his sentences does not correct the difficulty. The motion contained multiple grounds for resentencing, and the judge gave no explanation for denying the motion.

place before another judge. By ordering resentencing, we do not say that any judge must give reasons at the time of original sentencing.[4] Nor do we suggest what appropriate sentences would be. See *Commonwealth* v. *Souza,* 390 Mass. at 817 n.4.

The convictions are affirmed. The defendant's sentences are vacated, and the case is remanded to a different judge for resentencing of the defendant in accordance with this opinion.

*So ordered.*

*Carol A. Donovan,* Committee for Public Counsel Services, for the defendant.

*Ellen M. Caulo,* Assistant District Attorney, for the Commonwealth.

[4] However, an explanation of the reasons for a sentence helps in making its basis understood by the people directly involved in the case, as well as the public generally. See 3 ABA Standards for Criminal Justice 18-6.6 (2d ed. 1982).