COMMONWEALTH *vs.* KEVIN O'LOUGHLIN.  January 6, 1984.  *Identification.*

The defendant appeals from convictions of rape, assault and battery by means of a dangerous weapon, indecent assault and battery on a female under fourteen years of age, and kidnapping.  1.  The victim, an eleven-year-old girl, was attacked and raped by a stranger.  Approximately three hours after the incident, the police observed and detained the defendant on the basis of a description given by the victim.  The victim was brought to the place where the defendant had been detained and was asked if she recognized anyone.  She said she believed that the defendant was the assailant.  After hearing the defendant's voice, the victim stated that she was certain of the correctness of the identification.  The judge did not err in denying the defendant's motion to suppress the in- and out-of-court identifications.  There is, of course, a measure of suggestiveness inherent in any showup, the defendant typically, as here, being viewed alone in the presence of a police officer.  The evil to be avoided is *needless* suggestiveness.  *Commonwealth* v. *Marini,* 375 Mass. 510, 519 (1978).  Here, the suggestiveness did not exceed that inherent in showups of a type repeatedly approved.  See *Commonwealth* v. *Coy,* 10 Mass. App. Ct. 367, 371 (1980), and the numerous authorities there cited.  "Such meetings [i.e., on-the-street showups] are particularly valuable and permitted where the police are working from a description of the criminal provided by the victim immediately after the crime."  Id. at 372.  In addition to the usual considerations justifying showups, delay in the arrest of a suspected perpetrator of a rape may lead to the loss of probative but evanescent evidence.  Compare *Cupp* v. *Murphy,* 412 U.S. 291 (1973).  There was no impropriety in allowing the victim to listen to the defendant's voice as part of the identification process.  The police officers engaged the defendant in normal conversation rather than requiring him to speak the words uttered by the assailant during the rape.  Contrast *Commonwealth* v. *Marini,* 375 Mass. 510, 517 (1978); *Commonwealth* v. *Powell,* 10 Mass. App. Ct. 57, 60 (1980).  Because the showup was not unnecessarily suggestive, there is no need to examine the indicia of reliability discussed in *Manson* v. *Brathwaite,* 432 U.S. 98 (1977), *Commonwealth* v. *Nolin,* 373 Mass. 45, 51 (1977), and *Commonwealth* v. *Gordon,* 6 Mass. App. Ct. 230, 236 (1978).  See *Commonwealth* v. *Riley, ante* 950, 951 (1983).  We thus confine ourselves to observing that the discrepancies claimed by the defense to exist between the appearance of the defendant and the description provided by the victim contradict the judge's finding that the defendant "generally fit[ ]" the description given to the police.  Our review of the evidence persuades us that that finding is supported by the evidence and must be accepted by this court.  *Commonwealth* v. *Moon,* 380 Mass. 751, 755-756 (1980).  2.  The defendant's motion for a required finding of not guilty was largely predicated on the inadmissibility of the identification evidence and was properly denied.  3.  The denial

of the defendant's motion for a new trial was discretionary, *Commonwealth* v. *Woods*, 382 Mass. 1, 8 (1980), and no abuse of discretion is apparent on this record. 4. The order denying the motion for a new trial and the judgments are affirmed.

*So ordered.*

*Edward F. Harrington* for the defendant.
*Kevin J. Ross*, Assistant District Attorney, for the Commonwealth.