COMMONWEALTH *vs.* FREDERICK DRANE. No. 97-P-75. July 12, 1999. *Identification. Jury and Jurors. Practice, Criminal,* Instructions to jury, Argument by prosecutor, Sentence.

Two women were stripped of their handbags in separate incidents, about one-half hour apart, in the Dorchester section of Boston, between 7:00 and 8:00 P.M. in April, 1992. The defendant was charged with robbery in each incident and, after an initial mistrial because of a deadlocked jury, was convicted of both offenses in a second trial. He appealed from both convictions.

*Motion to suppress identifications.* The original trial judge denied the motion to suppress the identification that was made by the first victim, Mary Ann Clancy, in a showup that occurred when the police stopped a car matching the description furnished by both victims. The defendant fled from the car but was apprehended by the police chasing on foot. Both purses were in the car. Clancy was transported by cruiser to the arrest scene and identified the defendant, whose face the police illuminated by flashlight. The original judge properly denied the motion to suppress. The illumination by flashlight did not add significantly to the suggestiveness inherent in all showups. See *Commonwealth* v. *Hicks,* 17 Mass. App. Ct. 574, 583 (1984). The showup was well within the compass of *Commonwealth* v. *Freiberg,* 405 Mass. 282, 295, cert. denied, 493 U.S. 940 (1989), and *Commonwealth* v. *Coy,* 10 Mass. App. Ct. 367, 371-374 (1980), occurring promptly in the aftermath of the report of the crime and the defendant's apprehension shortly thereafter based on the strikingly similar descriptions given by Clancy and the second victim, Breda O'Sullivan. The second trial judge did not rehear the motion to suppress Clancy's identification.

The original trial judge allowed the motion to suppress the in-court and out-of-court identification by O'Sullivan, but ruled that she was permitted to identify as those of the robber the articles of clothing the defendant had on his person or in the car when apprehended. The second judge announced that he intended not to reopen the ruling. O'Sullivan, however, a feisty witness, by various phraseologies and glances made it apparent to the jury that the defendant was the person she was talking about when she described the actions of the man who stole her purse. As a result, the defendant moved for a mistrial. The judge then held a voir dire to ascertain whether there was a reason to suppress O'Sullivan's identification. (It was not known why the original judge, who made no findings, ordered suppression; it may have had to do with a failure of discovery that was of no continuing relevance at the second trial.) On findings well supported by the evidence, the second judge ruled that there had been no suggestiveness other than O'Sullivan's inadvertent, unplanned, sighting of the defendant as he was escorted, handcuffed, through the police station while she was being interviewed. Her identification was spontaneous, and the second judge made careful findings, in accordance with the familiar factors listed in such cases as *Commonwealth* v. *Botelho,* 369 Mass. 860, 869 (1976); *Commonwealth* v. *Johnson,* 420 Mass. 458, 464 (1995); and *Commonwealth* v. *Hicks,* 17 Mass. App. Ct. at 578 n.3, that the police station identification was free of impermissible suggestiveness and that,

in any event, the "independent source" factors relevant to the in-court identification and the largely overlapping "reliability factors," see *Commonwealth* v. *Johnson, supra* at 464, were fully satisfied. The second judge, who could properly rehear the suppression motion and reach a conclusion different from the original trial judge, see *Haufler* v. *Commonwealth*, 372 Mass. 527, 530 n.3 (1977), instead limited the effect of his findings to denying the motion for a mistrial while at the same time cautioning O'Sullivan not again to identify the defendant, expressly or otherwise, as the robber. The judge was not required so to limit the prosecution; the ruling was more favorable to the defendant than was his right. He cannot complain.

The other points argued are of no merit. (1) As to the composition of the jury, the defendant does not demonstrate that its makeup was not a fair cross-section of the community, see *Commonwealth* v. *Tolentino*, 422 Mass. 515, 520 (1996) (visual observation alone not a reliable guide to makeup of venire), or that any "underrepresentation [was] due to systematic exclusion of the group in the jury selection process." *Commonwealth* v. *Bastarache*, 382 Mass. 86, 97 (1980). (2) The direction in *Commonwealth* v. *Santoli*, 424 Mass. 837, 845-846 (1997), to the effect that a judge, at least in cases where an identifying witness has expressed certainty about the identification, should omit a jury instruction concerning the strength thereof, does not mean that counsel are not to be permitted to probe that subject or argue about it. *Id.* at 846. (3) It was not impermissible for the prosecutor to argue, in response to defense counsel's contention that the robber may have left the car and the defendant entered it between the time of the second robbery and the stop of the car, that there was no evidence to that effect and that it was pure speculation. The prosecutor's response cannot reasonably be interpreted as a comment on the defendant's failure to testify. See *Commonwealth* v. *Domanski*, 332 Mass. 66, 69 (1954); *Commonwealth* v. *Smallwood*, 379 Mass. 878, 892 (1980). It is not shown to be "a fact which could have been refuted only by the defendant taking the stand." *Commonwealth* v. *Borodine*, 371 Mass. 1, 11 (1976), cert. denied, 429 U.S. 1049 (1977). Compare *Commonwealth* v. *Zuluaga*, 43 Mass. App. Ct. 629, 646-647 (1997). (4) Unlike the statement of the sentencing judge in *Commonwealth* v. *Banker*, 21 Mass. App. Ct. 976, 977-978 (1986), which clearly indicated that he enhanced the sentence because the defendant put the victim through the ordeal of testifying, the gist of the judge's remarks in this case was to the effect that the sentence would reflect the lasting psychological damage to the victims, as shown by the victim impact statements, and that he wanted the sentence to show the victims that the court took their trauma seriously. The defendant was not punished for electing a trial by jury.

*Judgments affirmed.*

*John Salsberg* for the defendant.

*Paul B. Linn*, Assistant District Attorney, for the Commonwealth.