## COMMONWEALTH *vs.* ROOSEVELT HILL.

No. 04-P-1243.

Essex. May 5, 2005. - July 26, 2005.

Present: KANTROWITZ, SMITH, & DOERFER, JJ.

*Due Process of Law,* Identification. *Evidence,* Identification. *Practice, Criminal,* Identification of defendant in courtroom.

As reflected in the totality of the circumstances of a criminal case, a police officer had good reason to hold the defendant for a pretrial showup identification [132-134], and the showup procedure itself neither contained elements of unfairness nor was unnecessarily suggestive as would have warranted suppression of the evidence [134-135].

INDICTMENT found and returned in the Superior Court Department on January 23, 2002.

A pretrial motion to suppress evidence was heard by *Robert H. Bohn, Jr.,* J., and the case was tried before *Richard E. Welch III,* J.

*Kenneth I. Seiger* for the defendant.

*Gregory I. Massing,* Assistant District Attorney, for the Commonwealth.

DOERFER, J. The defendant was convicted of breaking and entering with the intent to commit a felony, G. L. c. 266, § 17. His appeal centers on the manner in which he was identified. We hold that the circumstances under which a showup identification procedure was conducted in this matter were not impermissibly suggestive, nor did the judge commit error in denying the defendant's motion to suppress evidence of his out-of-court and in-court identifications, contrary to the arguments of the defendant on appeal. Nothing in the recent case of *Commonwealth* v. *Martin,* 63 Mass. App. Ct. 587 (2005), is to the contrary.

*Background.* We summarize the following background taken

from the motion judge's findings of fact supplemented by undisputed facts from the transcript. On the morning of November 5, 2001, the victim, upon returning to her condominium from buying a newspaper, observed a man in her bedroom picking up her jewelry box. He was eight to ten feet from her. She yelled at him and he tried to walk past her to the hallway. As he was leaving, a struggle ensued in which he pushed her with his hands and she pushed him back and up against a wall. She was able to get an unobstructed look at his face during the confrontation. The intruder freed himself from her grasp and ran down the hallway. Police Officer Richard Moody responded to a dispatch call to the condominium, where the victim relayed the incident and provided a description of the intruder. Later that day, a disinterested witness told Officer Moody that he had observed a man fitting a similar description leave a car parked near the driveway of the condominium building.[1] He described to the officer the car, which had some unique features.[2] The next morning, approximately twenty-four hours later, Officer Moody was patrolling the area when he observed a car drive through a red light. He pulled over the car and radioed the station to inform them of the traffic stop. The appearance of both the driver and the car matched the descriptions given by the victim and the witness. Officer Moody requested back-up and told the driver (the defendant) that he pulled him over for running a red light and further stated that the car was of interest based on an incident the previous day. He asked the driver to wait. Within fifteen minutes, the victim was brought to the defendant and she made a positive identification.

The defendant agrees that the traffic stop was lawful. *Commonwealth* v. *Santana*, 420 Mass. 205, 207 (1995). The questions are whether there was good reason to hold the defendant for a showup identification and whether the procedure was not

---

[1]Although the defendant correctly points out an error in the motion judge's findings of fact relating to the witness's observations, such error is harmless where the reasonableness of the showup and the denial of the motion to suppress were clearly supported by other evidence.

[2]The car had a blue body with a white top, square headlights, and a white bumper sticker with black lettering. There also was a large dent in the rear passenger door on the driver's side.

unnecessarily suggestive based upon the facts of the case. *Commonwealth* v. *Austin*, 421 Mass. 357, 361 (1995). Although one-on-one pretrial identifications may be disfavored generally, see, e.g., *Commonwealth* v. *Moffett*, 383 Mass. 201, 213 (1981), there is no due process violation unless the defendant meets his burden to show by a preponderance of the evidence that the showup is unnecessarily suggestive, see *Commonwealth* v. *Leonardi*, 413 Mass. 757, 760-761 (1992); *Commonwealth* v. *Levasseur*, 32 Mass. App. Ct. 629, 635 (1992), cert. denied, 506 U.S. 1053 (1993). "Exigent or special circumstances are not a prerequisite to such confrontations." *Commonwealth* v. *Austin*, 421 Mass. at 361, quoting from *Commonwealth* v. *Harris*, 395 Mass. 296, 299 (1985). "[T]he nature of the crime involved and corresponding concerns for public safety; the need for efficient police investigation in the immediate aftermath of a crime; and the usefulness of prompt confirmation of the accuracy of investigatory information, which, if in error, will release the police quickly to follow another track" are relevant factors to consider. *Id.* at 362.

As reflected in the totality of the circumstances of this case, Officer Moody had good reason to detain the defendant for purposes of conducting a showup. First, the officer who originally investigated the breaking and entering of the condominium (and heard the victim and the disinterested witness describe the intruder as well as give descriptions of the vehicle located outside of the building) was the same officer who pulled over the defendant the following morning, within one mile of the crime scene, for the traffic violation. The officer could be expected to be familiar with the facts and progress of the case and be in a good position to make decisions relative to public safety and investigative efficiency. See *ibid.* See also *Commonwealth* v. *Salerno*, 356 Mass. 642, 646-647 (1970), quoting from *Ker* v. *California*, 374 U.S. 23, 34 (1963) ("An expeditious collateral inquiry which might result in the suspects' arrest or prompt release is not unreasonable when done to meet 'the practical demands of effective criminal investigation and law enforcement' "). Second, the officer had good reason to conduct the showup because both the driver and the car (with its unique features) fit descriptions provided by witnesses. See

*Commonwealth* v. *Barros*, 425 Mass. 572, 584 (1997) (investigative officer personally spoke to eyewitnesses who provided detailed information); *Commonwealth* v. *Coy*, 10 Mass. App. Ct. 367, 372 (1980) (showup is "particularly valuable and permitted where the police are working from a description of the criminal provided by the victim immediately after the crime"); *Commonwealth* v. *Drane*, 47 Mass. App. Ct. 913, 913 (1999) (noting defendant's detention based in part "on the strikingly similar descriptions given by" victims). Third, the twenty-four-hour time lapse and the distance[3] between the crime and the traffic violation do not support a finding, in this case, that the identification was unnecessarily suggestive. *Commonwealth* v. *Levasseur*, 32 Mass. App. Ct. at 636 ("delay is but one factor to be considered"); see *Commonwealth* v. *Austin*, 421 Mass. at 360 (identification procedure occurred four days after crime). Indeed, this showup procedure allowed the victim of the breaking and entering an opportunity to see the suspect while his face was still fresh in her mind.[4]

The defendant argues that the showup procedure itself contained elements of unfairness and was unnecessarily suggestive in that the defendant was the only black man surrounded by several white uniformed officers when the victim, who was told she would be asked about a potential suspect, was brought to the scene of the traffic stop. A brief detention of approximately fifteen minutes to transport the victim was reasonable in order to conduct the identification procedure. See *Commonwealth* v. *Salerno*, 356 Mass. at 647; *Commonwealth* v. *Barros*, 425 Mass. at 585. As discussed *supra*, the officer's reasonable suspicion was grounded in more than a mere description of the suspect as being a black male. Compare *Commonwealth* v. *Mock*, 54 Mass. App. Ct. 276, 279-280 (2002). Although showups are inherently

___

[3]Contrast *Commonwealth* v. *Johnson*, 420 Mass. 458, 461 (1995) (noting that showup unnecessarily suggestive because of singling out of defendant from a group by police officers, among other factors).

[4]We note that the victim had not viewed other suspects or photographs prior to this showup and no one else was present who might have pressured her identification. Contrast *Commonwealth* v. *Martin*, 63 Mass. App. Ct. at 589, 593 (during four days prior to showup identification, fifteen year old victim "looked at hundreds of people," including examination of mugshots and other individuals stopped by police officers and the presence of father near suspect posed "a real risk of suggestiveness").

suggestive, there is nothing to indicate that the manner in which this particular showup was conducted (specifically, informing the victim of a potential suspect at the scene or the singularity of the defendant's appearance and his race in the company of police officers in uniform) was unnecessarily or impermissibly suggestive. See *Commonwealth* v. *Hicks*, 17 Mass. App. Ct. 574, 583 (1984) ("The witness knows he would not be asked to make an identification unless the police had reason to suspect the detainee's involvement"); *Commonwealth* v. *O'Loughlin*, 17 Mass. App. Ct. 972, 972 (1984) ("evil to be avoided is *needless suggestiveness*"). The record further demonstrates that the victim, who was able to get an unobstructed view during her interaction with the intruder, made a careful and deliberate determination in identifying the suspect at the showup. The motion judge was thus warranted in denying the defendant's motion to suppress.

Based upon our conclusion that the showup identification was correctly admitted, the defendant's challenge to the in-court identification as tainted fails. *Commonwealth* v. *Leonardi*, 413 Mass. at 762.

*Judgment affirmed.*