COMMONWEALTH *vs.* DAMIENA LEWIS.[1] No. 95-P-855. September 18, 1996. *Judge. Practice, Criminal,* Sentence, Continuance.

When Timothy Barone, after work, returned to the Crossgate Mall's parking lot in Guilderland, New York, his 1988 black Camaro automobile was gone. He filed a stolen car report. About three weeks later the defendant, driving a car of similar description, approached a toll booth on the Massachusetts Turnpike at 3 A.M. A State police officer, who had received a radio call about the car (including the registration number), stopped the defendant. So confronted, the defendant told the officer that the car was obtained from a friend known as "Pop." Once he placed the defendant and his passenger under arrest, the officer discovered that the steering column was damaged, the driver's side door lock was missing, and there was no key in the ignition. At the police station, the defendant produced no keys and told the officer that he got the vehicle from some girl. A six-member jury found the defendant guilty of receiving a motor vehicle knowing the same to be stolen (G. L. c. 266, § 28), and operating the same motor vehicle without authority (G. L. c. 90, § 24). The defendant was sentenced to two years in a house of correction for the receiving a stolen motor vehicle offense and one year in the house of correction for the unauthorized use of a motor vehicle charge, that sentence to take effect "on and after" the expiration of the longer sentence (see G. L. c. 279, § 8A). The defendant has appealed from his convictions and the trial judge's denial of his motions for a new trial and to revise and revoke the sentence on several grounds. A motion for stay of sentence pending appeal was granted by a single justice of the Appeals Court.

1. *Judge's bias at the sentencing hearing.* Before discharging the jury, the judge called for the defendant's record. He discovered there were a considerable number of outstanding default warrants for the defendant. That caused him to tell the departing jurors that the defendant's record was "absolutely incredible" and that he had "never seen anything like it." After reciting the defendant's aliases, he listed the courts where the defendant was "wanted." Then he said, "His record . . . is as long as my arm . . . . I don't think I could unfold [the record] like you see it. His record is not only an indictment to him, it's an indictment of the whole criminal justice system. Why is it taking so long to catch up with [the defendant] is beyond my wildest imagination. Why he's wanted by so many courts and how he could be free at large with so many charges pending is just incomprehensible to me." On that note the jurors were discharged.

Since trial counsel lodged no objection to the judge's remarks made

---

[1]The record indicates that the defendant is also known as Darryl J. Warner.

before sentencing the defendant, we review the judge's comments under the familiar, *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967), "substantial risk of a miscarriage of justice" standard. See *Commonwealth* v. *Souza*, 390 Mass. 813, 817 (1984) (applying the *Freeman* standard to sentencing procedures). We do not fault the judge for carefully reviewing the defendant's history of defaults. Certainly the judge had a right to be concerned that other courts where defaults had been recorded be informed of his whereabouts. The difficulty arises in this case because the judge pursued the subject further than he should have to the defendant's prejudice.

The judge's comments suggest that the defendant was punished for untried offenses. *Ibid.* "[A] sentencing judge may not undertake to punish a defendant for any conduct other than that for which the defendant stands convicted in the particular case." *Commonwealth* v. *LeBlanc*, 370 Mass. 217, 221 (1976). The ill-advised remarks made to the jury prior to the sentencing hearing show that the judge, having apprised himself of the defendant's long history of defaults, may have decided to lower the boom before defense counsel could address any mitigating factors.

On the record, we conclude that the defendant was prejudiced unfairly by the judge's excessive concern over the defendant's default record and that justice would be better served if the defendant were resentenced by another District Court judge.

2. *Other miscellaneous matters.* Other claims of error by the defendant concerning a duplicative sentence and the trial judge's refusal to grant a continuance are susceptible of summary comment. It is settled that, when two statutory provisions proscribe the same offense under the test set out in *Morey* v. *Commonwealth*, 108 Mass. 433, 434 (1871), they are construed not to authorize cumulative punishments in the absence of clear legislative intent to the contrary. *Cepulonis* v. *Commonwealth*, 384 Mass. 495, 501-502 (1981). That did not occur in this case. The defendant wrongly concludes that the convictions for receiving a stolen motor vehicle and operating a motor vehicle without authority involve common elements making unauthorized use a lesser included offense. See *Commonwealth* v. *Guerro*, 357 Mass. 741, 749 (1970). Separate punishments, therefore, for each offense were appropriate. *Commonwealth* v. *Rivera*, 397 Mass. 244, 253 (1986).

A defendant may be entitled to a short continuance during a trial especially if he shows sufficient surprise at the possibility of introduction of evidence not disclosed by the prosecutor. Cf. *Commonwealth* v. *Andrews*, 34 Mass. App. Ct. 324, 331 (1993). Here, the defendant knew of the importance of "Pop" Williams as a potential defense witness and cannot claim prejudicial surprise when the prosecutor, just before trial, produced the defendant's own statement to the arresting officer concerning the loan of the car. In all events, he was allowed without objection to put before the jury his explanation that he "rented" the car from "Pop" Williams. No showing of prejudice appears. See *Commonwealth* v. *Dunne*, 394 Mass. 10, 13-16 (1985).

The order denying the motion for a new trial is affirmed. The judgments,

however, must be vacated, though the verdicts shall stand. The case is remanded to the District Court for resentencing by a different judge.[2]

*So ordered.*

The case was submitted on briefs.

*Michelle Braun Begley* for the defendant.

*Anne M. Kendall* for the Commonwealth.


---

[2]Although we vacate the judgments, we take no action on the appeal from the denial of the motion to revise and revoke the sentences. The motion and the order denying it were not included in the record on appeal; this court, therefore, cannot discern on what basis the relief was sought or denied.