COMMONWEALTH *vs.* CARLOS HENRIQUEZ. October 8, 2003. *Rape. Indecent Assault and Battery. Practice, Criminal,* Sentence.

Following his guilty pleas to four indictments charging forcible rape of a child, four indictments charging indecent assault and battery on a child, and a single indictment of child pornography, the defendant was sentenced to concurrent terms of from forty-five to sixty years on the rape charges, plus concurrent sentences of lesser duration on the remaining charges. On appeal, the defendant argued that the sentencing judge improperly punished him for uncharged conduct, based on the prosecutor's argument and the victim's statement that she had been raped by the defendant on many other occasions beyond those referenced in the indictments. The Appeals Court agreed, and remanded the matter for resentencing before a different judge. *Commonwealth* v. *Henriquez*, 56 Mass. App. Ct. 775, 782-783 (2002). We granted the Commonwealth's application for further appellate review.

We agree with the Appeals Court that, no matter how carefully parsed, the

judge's comments at sentencing are at best ambiguous as to whether the uncharged conduct was used for a proper as opposed to an improper purpose in sentencing. *Id.* at 780-782. See *Commonwealth* v. *Goodwin*, 414 Mass. 88, 93 (1993), and cases cited (reliable evidence of prior misconduct may be considered for purposes of evaluating defendant's "character and his amenability to rehabilitation," but defendant may not be punished for that other misconduct). Ambiguity as to whether a defendant has been improperly sentenced as punishment for other offenses creates a sufficient concern about the appearance of justice that resentencing is required.[1] See *Commonwealth* v. *LeBlanc*, 370 Mass. 217, 224-225 (1976); *Commonwealth* v. *White*, 48 Mass. App. Ct. 658, 663 (2000); *Commonwealth* v. *Lewis*, 41 Mass. App. Ct. 910, 911 (1996).

The Commonwealth further contends, however, that there is no basis for the order requiring that a different judge conduct the resentencing, and asks us to adopt formal criteria for determining whether the original judge may continue to sit on a case after remand. See *United States* v. *Robin*, 553 F.2d 8, 10-11 (2d Cir. 1977). Specifically, the Commonwealth criticizes the Appeals Court for remanding the matter to a different resentencing judge on the sole ground that "this sentencing occurred after a guilty plea" and, therefore, "another judge will not be at a disadvantage for not having observed a trial." *Commonwealth* v. *Henriquez, supra* at 783. We disagree. While that reason is the only reason expressly articulated in the Appeals Court's opinion, it is not the only reason justifying assignment to a different judge in this case. Here, where the purpose of resentencing is to restore the appearance of justice by eliminating any concern about the use of improper factors in sentencing, remanding for resentencing before another judge is a more efficacious method of restoring that appearance. Cf. *Commonwealth* v. *White*, 436 Mass. 340, 345-346 (2002) (no need for reassignment where judge mistakenly believed she was precluded from considering certain information, but otherwise "conducted herself properly and considered only appropriate factors in imposing the defendant's sentences"). Without necessarily adopting a formalistic approach to the issue of reassignment on remand, we note that the factors identified in *United States* v. *Robin, supra,* would support reassignment in this circumstance. Specifically, those factors recommend that the court consider, inter alia, "whether reassignment is advisable to preserve the appearance of justice" and "whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness." *Id.* at 10. Indeed, in that case, the court recognized that, for a sentence based on a guilty plea as opposed to a trial, reassignment to a different judge for resentencing would normally reflect the appropriate balance between the appearance of fairness and the interest in avoiding waste and duplication. *Id.* at 11. Our case law has gone farther and, to cure the appearance of unfairness stemming from remarks concerning improper sentencing factors, has ordered reassignment to a different judge for resentencing even though the convictions resulted from

---

[1]The defendant did not object to the judge's improper remarks, so we review the error under the substantial risk of a miscarriage of justice standard. Improper remarks or reliance on improper factors at sentencing suffice to create a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Souza*, 390 Mass. 813, 817 (1984); *Commonwealth* v. *Coleman*, 390 Mass. 797, 803 n.5, 810 (1984); *Commonwealth* v. *Lewis*, 41 Mass. App. Ct. 910, 911 (1996).

jury verdicts. See *Commonwealth* v. *Mills*, 436 Mass. 387, 401 (2002); *Commonwealth* v. *White*, 48 Mass. App. Ct. 658, 665 (2000); *Commonwealth* v. *Lebron*, 23 Mass. App. Ct. 970, 972 (1987). See also *Commonwealth* v. *Souza*, 390 Mass. 813, 822 (1984); *Commonwealth* v. *Coleman*, 390 Mass. 797, 810 (1984); *Commonwealth* v. *Lewis*, *supra* at 911-912.

We vacate the defendant's sentences, and we remand the cases to the Superior Court for resentencing before a different judge.

*So ordered.*

*Thomas H. Townsend,* Assistant District Attorney, for the Commonwealth.

*Eric S. Brandt,* Committee for Public Counsel Services, for the defendant.