COMMONWEALTH vs. MARCOS U. RAMOS.

No. 03-P-1581.

Suffolk. February 14, 2005. - May 3, 2005.

Present: GELINAS, GRASSO, & KANTROWITZ, JJ.

*Evidence,* Prior misconduct, Pattern of conduct. *Practice, Criminal,* Sentence.

At the trial of indictments charging the defendant, a medical doctor, with nineteen counts of indecent assault and battery, in violation of G. L. c. 265, § 13(*h*), on eight different female patients, the judge did not err by admitting in evidence the testimony of five noncomplainant witnesses, who described similar experiences with the defendant, where such evidence was appropriate to show that the defendant molested his patients in accordance with a common scheme or plan, and to show, through the number of victims, that the defendant's conduct was not an accident or mistake, and where, even if such evidence was cumulative, the judge assiduously instructed the jury regarding their use of such evidence [380-382]; further, the defendant failed to demonstrate that the judge, in fashioning the defendant's prison sentence, improperly took into account the testimony of the five noncomplainant witnesses [382-383].

INDICTMENTS found and returned in the Superior Court Department, two on February 12, 1999, and eleven on October 29, 1999, respectively.

The cases were tried before *Barbara J. Rouse,* J.

*Ruth Greenberg* for the defendant.

*Amanda Lovell,* Assistant District Attorney, for the Commonwealth.

KANTROWITZ, J. Dr. Marcos Ramos was charged with nineteen counts of indecent assault and battery, G. L. c. 265, § 13(*h*), on eight different female patients. He was convicted of thirteen.[1]

On appeal, he argues that (1) prior bad act testimony of five

---

[1] The Commonwealth nol prossed four other similar charges, as well as one for rape (the complainant died — the cause of death was unrelated to the alleged rape). He was also found not guilty of a single assault and battery charge.

noncomplainant witnesses was improperly admitted; (2) his prison sentence improperly took into account crimes for which he was not charged; and (3) the judge erroneously instructed the jury concerning consent to a physical examination by a physician. Although we are concerned with the admission of the evidence, we affirm.

*Facts.* Ramos practiced as a doctor specializing in rehabilitation medicine and musculo-skeletal injuries. Part of his practice involved independent medical examinations (IMEs) of those who had suffered work or accident related physical injuries, and were seeking recovery through workers compensation, insurance, or personal injury claims. Those he examined were typically ordered to see him by an employer or insurer to justify compensation already paid, compensation to be paid, or were referred by their attorneys as part of potential or ongoing litigation. Through the 1990's, Ramos examined a number of female patients in relation to these claims, and his conduct during those examinations formed the basis for which he was ultimately charged.

At trial, the Commonwealth offered all eight victims as witnesses, and all testified to similar experiences in his office. Each victim testified that she was told to undress prior to the examination and cover herself with a paper johnnie. Although they reported various injuries to their wrists, arms, shoulders, necks, backs, and legs, Ramos focused much of his attention on unaffected areas. All of the victims stated that Ramos fondled and groped their breasts, without gloves, in a manner unlike any other prior breast examination. Some described other inappropriate touching of other parts of their bodies, including their vaginas, buttocks, and inner thighs. Every victim, except for one, testified that they were alone in the room during the examinations.[2]

*Prior bad acts.* The Commonwealth, over objection, presented the testimony of five noncomplainant witnesses, who described

---

[2]Many of the victims also testified that they were coerced into signing forms, which indicated the presence of a third-party female in the examination room, despite the fact that, except in one instance, the victim was alone in the room with Ramos. Often, the contents of the form were not explained. If one refused to cooperate, Ramos threatened to call her employer and have her benefits terminated.

similar experiences with Ramos,[3] for the purpose of showing that Ramos molested his patients in accordance with a common scheme or plan, and to show, through the sheer number of victims, that the indecent touching was not an accident or mistake. Two of the noncomplainants testified that Ramos refused to let their husbands accompany them during the examination.

"It is well settled that the prosecution may not introduce evidence that a defendant previously has misbehaved, indictably or not, for the purposes of showing his bad character or propensity to commit the crime charged, but such evidence may be admissible if relevant for some other purpose. . . . Such evidence can be highly prejudicial to the defendant, and therefore must be excluded unless it comes within one of the permitted uses, such as to show a common scheme, pattern of operation, absence of accident or mistake, identity, intent, or motive." *Commonwealth* v. *Helfant*, 398 Mass. 214, 224 (1986). (Citations omitted.) See *Commonwealth* v. *Walker*, 442 Mass. 185, 202 (2004); *Commonwealth* v. *Butler*, 62 Mass. App. Ct. 836, 843 (2005); Proposed Mass.R.Evid. 404.

There is no bright-line rule concerning the admission of such evidence; rather, its admission is determined on a case-by-case basis. *Commonwealth* v. *Butler*, *supra* at 844. A judge should not admit prior bad acts evidence if it is outweighed by unfair prejudice to the defendant. *Commonwealth* v. *Fordham*, 417 Mass. 10, 22 (1994). Ultimately, it is "a determination for the judge to make and one which we do not disturb unless, in our judgment, it is palpably wrong." *Ibid.*

Contrary to the defendant's arguments, we agree with the judge that the evidence was "appropriate to show a plan or pattern as well as the absence of mistake." Typically, our review would end here, discerning no error. Cf. *Commonwealth* v. *Feijoo*, 419 Mass. 486, 494-495 (1995) (common scheme and pattern of operation, by defendant karate teacher, to induce twelve to seventeen year old male victims' cooperation and submission to his desire for sexual activity). Compare *Commonwealth* v. *Jacobs*, 52 Mass. App. Ct. 38 (2001).

[3]The statute of limitations precluded charges involving them.

What is troubling here is that evidence of plan and prior pattern was already adequately, if not overwhelmingly, established via the testimony of the eight victims, all of whose cases were appropriately joined for trial. It is thus difficult to discern how the probative value of the five prior bad act witnesses added anything of consequence.

That being said, it is also clear that the judge assiduously instructed the jury,[4] see *Commonwealth v. McGeoghean*, 412 Mass. 839, 842 (1992), which took those instructions to heart, as evidenced by its split verdict.[5] See *Commonwealth v. Walker*, 442 Mass. at 202-203. Under these circumstances, the defendant is unable to demonstrate sufficient prejudice to warrant reversal of his convictions.

*Sentencing.* The defendant claims that his prison sentence[6] was improperly motivated by conduct for which he was not convicted. He alleges that the judge improperly (a) took into account the five noncomplainant witnesses at sentencing[7]; and (b) adopted the Commonwealth's recommendation in its sentencing memorandum, which also improperly referred to the five women.

Read in context, however, it appears clear that the judge appropriately took all proper factors into consideration in sentencing the defendant. The judge did not impose sentence

---

[4]Prior to the testimony of each witness and in her final jury instructions, the judge forcefully and properly instructed the jury.

[5]The verdict was as follows: the cases concerning victim 1, guilty of one of three counts; 2, guilty of one of two counts; 3, guilty of two of three counts; 4, guilty of one count; 5, guilty of two of three counts; 6, guilty of one count; 7, guilty of four of four counts; and 8, guilty of one of three counts.

[6]The defendant essentially received two consecutive three to five year prison sentences with on and after probation, for five years, a condition of which included psychiatric evaluation and sex offender counseling. The majority of the remaining sentences imposed were concurrent.

[7]"I have considered the defendant's position as a physician at the time that he committed these crimes and the violation of his professional status and the position of trust and power when he committed these crimes. *We heard about at trial a continuing and ongoing course of conduct over a long period of time that spanned at least ten years, and that criminal conduct involved these women, the women who came forward, as well as others,* and I have considered the devastating impact of these crimes on the lives of the eight women who were the subject of the indictments brought forward by the Commonwealth." (Emphasis added.)

until approximately one month post-verdict, giving the parties and probation an opportunity to prepare sentencing memoranda. At the outset of the hearing, when the Commonwealth offered both oral testimony and the victim impact statements from the five prior bad acts witnesses, the court rejected the offer.[8] The judge stated that the defendant was being punished for the crimes against the complainants,[9] and we can find no evidence to the contrary. Finally, given that the judge could have given far harsher sentences on the thirteen convictions, rather than the many concurrent sentences, it is evident that the defendant was not unfairly sentenced. Compare *Commonwealth* v. *Henriquez*, 440 Mass. 1015, 1015-1016 (2003).[10] See also *Commonwealth* v. *Soto*, 45 Mass. App. Ct. 109, 115 n.7 (1998) (adoption of prosecutor's recommended sentence not improper unless the judge accepts faulty reasoning behind those recommendations).

*Judgments affirmed.*

---

[8]"I don't think that those women who testified at trial in connection with any so-called bad act testimony should be permitted to allocute [*sic*]. Additionally, I did return to [the probation officer] written statements of any of those women which were provided to me because I don't think it is proper that I consider those statements in connection with sentencing."

[9]"I have read and considered the statements, written statements submitted to me by the victims, *the eight victims in this case* . . . . I have considered the fact that the jury returned *guilty verdicts on thirteen counts of the crime of indecent assault and battery relating to eight different women* and the serious nature of those offenses that I heard about at trial." (Emphasis added.)

[10]The defendant's final argument is foreclosed by *Commonwealth* v. *Simmons*, 8 Mass. App. Ct. 713, 716-717 (1979).