NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-469

COMMONWEALTH

vs.

SARGE A. FRANCOLINI.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A District Court jury found the defendant guilty of operating a motor vehicle under the influence of intoxicating liquor (OUI) and of negligent operation.  Subsequently, the judge found the defendant guilty of OUI, second offense.  The defendant also had been charged with possession of a class B substance, and the clerk had told the jury venire of that charge during jury selection.  However, the Commonwealth informed the judge prior to trial that it would not proceed on that charge, and it presented no evidence relating to the charge at trial.  Accordingly, the judge allowed the defendant's motion for a required finding of not guilty on the drug charge.  On appeal, the defendant challenges the sufficiency of the evidence as to both convictions.  He additionally argues that reversal is

required because the jurors had been informed about the drug charge.  We affirm.

1.  Sufficiency.  a.  OUI.  The defendant crashed his car while driving -- by his own admission -- sixty miles per hour in a twenty-five mile per hour zone.[1]  When the police came across the accident scene, they observed that the defendant had "red, glassy, bloodshot eyes," and that he was slurring his speech.  They "notice[d] a very strong odor of an alcoholic beverage that was emanating from within the vehicle," and that this odor followed him.  Inside the vehicle they found an empty bottle of vodka and an opened package of the alcoholic beverage known as "Twisted Tea," with three cans missing.[2]

---

[1] Based on the principle that a conviction cannot be based solely on an uncorroborated confession, see Commonwealth v. Leavy, 60 Mass. App. Ct. 249, 251 (2004), the defendant appears to suggest that his admission that he was speeding cannot be considered.  There are two flaws in such an argument.  First, the admission that he was speeding finds corroboration in other evidence, e.g., evidence of the accident itself.  Second, neither conviction is based solely on the defendant's admission that he was speeding.

[2] There also was extensive testimony regarding field sobriety tests and the defendant's performance on two such tests.  That evidence was somewhat mixed, and the arresting officer himself described the results as "inconclusive" in his arrest report.  To the extent that the defendant's performance on the tests could be characterized as indicative of intoxication, such evidence provides some support for the OUI conviction.  We need not review the particulars, because the evidence overall is well sufficient without taking the field sobriety tests into account.

Such evidence is of the type and quantity that repeatedly has been found sufficient. See, e.g., Commonwealth v. Gallagher, 91 Mass. App. Ct. 385, 392-393 (2017). In arguing to the contrary, the defendant offers alternative explanations for the incriminating evidence against him. For example, he suggests that the accident may have been caused by weather and road conditions, not his being intoxicated, and that the condition of his eyes may have been caused by the fact than he had been crying. However, in assessing the sufficiency of the evidence, we are to view the evidence -- including all reasonable inferences therefrom -- in the light most favorable to the Commonwealth. See Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979). The ultimate question is whether the evidence, viewed in that light, was sufficient to persuade any rational fact finder that the essential elements of the crimes charged had been established beyond a reasonable doubt. Id. The Commonwealth's evidence of intoxication here easily meets that standard.

b. Negligent operation. To prove negligent operation, the Commonwealth must demonstrate that the defendant drove his car negligently so that the lives or safety of the public might be endangered. See Commonwealth v. Teixeira, 95 Mass. App. Ct. 367, 369 (2019). Here, the Commonwealth presented evidence that the defendant, while intoxicated, was driving at more than twice

3

the allowed speed and crashed his car.  Such evidence was more than sufficient to support a negligent operation charge.  In arguing to the contrary, the defendant points to cases that say that negligent operation is not established by the mere fact of an accident, by the mere fact that a defendant was speeding, or by the mere fact that a defendant drove while intoxicated.  See Commonwealth v. Zagwyn, 482 Mass. 1020, 1022 (2019); Commonwealth v. Howe, 103 Mass. App. Ct. 354, 358 (2023); Commonwealth v. Duffy, 62 Mass. App. Ct. 921, 922-923 (2004). Here, the Commonwealth provided proof of all three, and those cases therefore are beside the point.

2.  Mention of drug charge.  As noted, the defendant originally had been charged with possession of a class B substance, and the jury venire was so informed during the jury selection process.  Shortly thereafter, the Commonwealth disclosed at side bar that it was not prepared to proceed on that charge.  The defendant immediately requested a mistrial, which the judge denied.  In doing so, the judge analogized the situation to the more common one, where at the close of evidence, a charge is removed from the jury's consideration by the allowance of a motion for a required finding of not guilty. As the judge pointed out, there are standard curative instructions designed to deal with that situation.  The judge offered to provide such an instruction, and the Commonwealth

4

assented.  While continuing to maintain that a mistrial was appropriate, the defendant requested that, if a curative instruction was to be given, it should be given immediately, not later.

The judge denied the defendant's request that she provide a contemporaneous curative instruction.  As part of her final instructions, however, the judge stated the following:

> "Members of the Jury, I've also withdrawn from your consideration the following charge against the Defendant, which is a possession of a Class B substance.  That charge has been disposed of and is no longer before you for your decision.  You are to deliberate in this case only concerning the remaining two charges pending against the Defendant; namely, operating a motor vehicle under the influence of alcohol and negligent operation of a motor vehicle.  You are not to speculate about why that charge has been withdrawn from your consideration and it is not to influence your verdict on the remaining charges in any way. Your responsibility now is to decide the charges that remain pending against the Defendant based solely on the evidence concerning those charges which are now before you."

When the judge asked at side bar whether the parties were "content with the instructions as [she had] given them," defense counsel answered "yes."

As the defendant acknowledges, a judge has broad discretion whether to declare a mistrial.  See Commonwealth v. Brown, 386 Mass. 17, 30 (1982).  The judge did not abuse her discretion in deciding that the single, passing mention of the drug charge before trial even had commenced did not warrant a mistrial, and that any prejudice could be addressed by giving a curative

5

instruction.  As to the wording of the instruction that was given, the defendant raised no objection to it at trial, nor does he contest it now.  Rather, his focus is on the timing of the instruction.  Without deciding whether it might have been preferable for the judge to have given the instruction earlier in accordance with the defendant's request, it is difficult to discern how the slight delay made any appreciable difference.  In this regard, we note that this was a very short trial, with only one witness whose testimony was brief.  The judge did not abuse her discretion in choosing to give the curative instruction as part of her final instructions.  Moreover, in light of the expectation that jurors will "follow instructions

to disregard matters withdrawn from their consideration," Commonwealth v. Cameron, 385 Mass. 660, 668 (1982), the defendant cannot demonstrate prejudice.

Judgments affirmed.

Order denying renewed motion for a required finding of not guilty or in the alternative for new trial affirmed.

By the Court (Milkey, Massing & Neyman, JJ.[3]),

*Anne M. Thomas*

Assistant Clerk

Entered:  February 29, 2024.

---

[3] The panelists are listed in order of seniority.