NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-1207

COMMONWEALTH

vs.

JASON JOHNSON.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was charged in a complaint with one count of statutory rape of a child, in violation of G. L. c. 265, § 23, and one count of indecent assault and battery on a child under the age of fourteen, in violation of G. L. c. 265, § 13B.  Prior to trial, the Commonwealth filed a nolle prosequi of the statutory rape charge and amended the indecent assault and battery charge to indecent assault and battery on a child over the age of fourteen, in violation of G. L. c. 265, § 13H. Thereafter, following a jury trial in the District Court, the defendant was convicted and sentenced to two and one-half years in the house of correction, eighteen months to be served, with the balance suspended for five years.  On appeal, the defendant argues that the judge improperly punished him for having

committed the more serious crime of statutory rape that was nol prossed.  We affirm.

Background.  The jury could have found the following facts. In 2012, the victim, whom we shall call Sally, turned fourteen years old and was living with her mother and her mother's fiancé in Fall River.  At some point during the summer months, Sally spent the night at the home of K.M., who was the sister of Sally's mother's fiancé and the defendant's girlfriend.  Sally slept in K.M.'s bedroom in the same bed as both K.M. and the defendant.  After K.M. went to sleep, the defendant tried to kiss Sally, who initially rebuffed him but then "went with it" and let him kiss her.  At some point on the following day, K.M. left the apartment, and the defendant tried to talk to Sally about the previous night.  Sally was in bed watching television and did not engage.  The defendant then laid down next to Sally and began to kiss her.  Initially, Sally did not object to the defendant's conduct, but when she asked him to stop, he did not do so.  Instead, he took off Sally's pants and pulled her underwear down.  Sally testified that the defendant was on top of her and she felt "something" inside her vagina, but was not sure what it was since she did not have any prior sexual experiences.  Sally did not resist because she was intimidated as the defendant was bigger than her and she was "a child." Soon thereafter, K.M. returned home and she, the defendant, and

2

Sally went upstairs to K.M.'s sister's apartment. While there, Sally "felt wet" and went to the bathroom, where she noticed that her shorts "were covered in blood." She wrapped up the dirty clothes in a plastic bag and threw them out. Sally did not disclose the assault for about two years. When she did, a detective contacted the defendant, who denied the allegations. At trial, the defendant testified on his own behalf and again denied touching Sally inappropriately.

As previously noted, the jury found the defendant guilty of indecent assault and battery. At the sentencing hearing, which immediately followed the return of the jury's verdict, the judge stated, "[t]he testimony that I've heard essentially is a rape and the jury has found you guilty of indecent assault and battery."[1] The judge then sentenced the defendant as described above.

Discussion. The defendant argues that the judge improperly punished him for uncharged conduct and points to the judge's comment describing the offense as essentially a rape to support

_____

[1] The defendant did not object to the judge's improper remarks, so we review the alleged error under the substantial risk of a miscarriage of justice standard. See Commonwealth v. Henriquez, 440 Mass. 1015, 1016, n.1 (2003). However, improper remarks at sentencing or reliance on improper factors suffice to create a substantial risk of a miscarriage of justice. See id.

his claim.  He asserts that he is entitled to a new trial or, in the alternative, resentencing before a different judge.

We have reviewed the record carefully and conclude that the defendant is not entitled to the relief he seeks.  First, even if we were to agree with the defendant's argument, he would not be entitled to a new trial.  In such circumstances, the proper remedy is to remand the case for resentencing.  See Commonwealth v. Henriquez, 440 Mass. 1015, 1016 (2003).  Second, the judge's comment notwithstanding, we conclude the judge relied on legally-acceptable criteria in imposing the sentence and, therefore, there is no basis for remanding the case for resentencing.

Although "[a] sentencing judge is given great discretion in determining a proper sentence," Commonwealth v. Rodriguez, 461 Mass. 256, 259 (2012), quoting Commonwealth v. Lykus, 406 Mass. 135, 145 (1989), a judge "may not undertake to punish [a] defendant for any conduct other than that for which [he] stands convicted in the particular case."  Commonwealth v. Howard, 42 Mass. App. Ct. 322, 328 (1997), quoting Commonwealth v. LeBlanc, 370 Mass. 217, 221 (1976).

As an initial matter, we note that the sentence imposed did not exceed the statutory maximum and, therefore, it was not an

illegal sentence.[2]  See Commonwealth v. Williams, 456 Mass. 857,
875 (2010) (remanding for resentencing where sentences exceeded
statutory maximum).  In addition, the sentence fell between the
sentences recommended by the Commonwealth and the defendant.[3]
While the defendant correctly observes that "[a]mbiguity as to
whether a defendant has been improperly sentenced as punishment
for other offenses creates a sufficient concern about the
appearance of justice," Henriquez, 440 Mass. at 1016, here the
judge's comment, while susceptible to the interpretation the
defendant gives it, did not create an ambiguity requiring
resentencing.  A judge may properly consider a variety of
factors in fashioning an appropriate sentence including "the
defendant's behavior, character, background, and, perhaps most
important, 'the nature of the offense and the circumstances
surrounding the commission of the crime.'"  Commonwealth v.
Holness, 93 Mass. App. Ct. 368, 375 (2018), quoting Commonwealth
v. Jones, 71 Mass. App. Ct. 568, 572 (2008).  Although it would
have been preferable if the judge had not referred to the crime

_____

[2] General Laws c. 265, § 13H, provides:  "[w]hoever commits an
indecent assault and battery on a person who has attained age
fourteen shall be punished by imprisonment in the state prison
for not more than five years, or by imprisonment for not more
than two and one-half years in a jail or house of correction."
[3] The Commonwealth recommended two and one-half years to the
house of correction, with two years to be served and the balance
suspended for two years.  The defendant recommended two and one-
half years to the house of correction, with six months to be
served and the balance suspended for three to four years.

5

of rape, ultimately, we view the judge's comment as one relating to the manner in which the indecent assault and battery was committed and the seriousness of the facts of the case. Accordingly, we are confident that the defendant was not improperly punished for the crime of statutory rape.

<u>Judgment affirmed</u>.

By the Court (Vuono, Blake & Toone, JJ.[4]),

Assistant Clerk

Entered: March 27, 2024.

---

[4] The panelists are listed in order of seniority.