NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1103

COMMONWEALTH

vs.

SAMANTHA J. ENGELKING.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Samantha J. Engelking, was charged in the Boston Municipal Court (BMC) with assault and battery on March 29, 2023.  She admitted to sufficient facts, and the case was continued without a finding for nine months with probationary conditions.  In May 2024, the probation department issued a notice alleging that the defendant had violated the terms of her probation by committing new crimes.  Following an evidentiary probation violation hearing, a BMC judge found that the defendant had violated the conditions of the continuance without a finding, revoked the defendant's probation, and imposed a sentence of two and a half years in the house of correction. The defendant appealed.  We agree with the defendant's claim, as

well as the Commonwealth's concession, that the judge applied an incorrect standard and thus the probation violation finding and order revoking probation must be vacated.

Background. On February 23, 2024, the defendant admitted to sufficient facts to warrant a finding of guilty on an assault and battery charge in the BMC. A judge continued her case without a finding with probationary conditions for nine months. Three days later, on February 26, 2024, the defendant was arrested and charged in Falmouth District Court for assault and battery by means of a dangerous weapon and assault and battery on a person sixty years of age or older.

Based on this new charge, the BMC probation department issued a notice of violation. A different BMC judge held a hearing on the alleged violation and, over the objection of defense counsel, allowed the probation officer to introduce a police report describing the new alleged offenses.

The author of the report, Officer James O'Doherty of the Bourne police department, then testified. On February 26, 2024, at 5:31 $\underline{A}.\underline{M}$., he and his partner were dispatched to a McDonald's where they met the victim, F.D. F.D. explained that he was homeless and living in his truck at the Bourne Park and Ride. He said that he invited a woman known to him as "Samantha" into his truck to stay warm. F.D. was asleep in the driver's seat when Samantha began punching the back of his head. She also

2

kicked his right shoulder and his back.  As he opened the truck door to leave, he was kicked out of the truck, landing on his back.  He had superficial lacerations on his back.  Police officers went to F.D.'s truck where they found the defendant in the passenger seat.  She denied any assault.

Following closing arguments, the judge credited the testimony of Officer O'Doherty, and then ruled as follows:  "I find there's probable cause for the new offense.  I find the new offense to be a violation of probation."  He then immediately imposed the maximum two-and-a-half-year sentence.  Defense counsel objected to the imposition of sentence without an opportunity to make a disposition argument.  The judge told her to proceed.

Defense counsel explained that the defendant had a "significant, horrific history of sexual abuse by older men."  Counsel described the defendant's recent mental health treatment and a social worker's effort to place her in a structured sober home, as she also had a substance use issue.  Counsel explained that the defendant had been diagnosed with posttraumatic stress disorder and depression and had been under great stress at the time of the incident giving rise to the alleged violation because her father had just been moved to hospice with brain cancer.  Counsel asked the judge to reprobate the defendant with

3

the new condition that she work with the social worker to get into a structured sober home.

Without hearing from Probation, the Commonwealth, or any description of the circumstances of the underlying offense, the judge responded:  "Given that, I revoke my earlier imposition of the sentence.  And now in light of what you just told me, I reimpose it, two-and-a-half years house of correction."

Discussion.  As noted above, the judge found a probation violation based on the probable cause standard.  This was error.  The standard of proof applicable at a probation violation hearing is preponderance of the evidence.  See Commonwealth v. King, 71 Mass. App. Ct. 737, 740 (2008); Rule 6(c) of the District/Municipal Court Rules for Probation Violation Proceedings (2015).  "Probable cause is a lower standard than proof by a preponderance of the evidence [quotation omitted]."  Commonwealth v. Tyson, 104 Mass. App. Ct. 739, 741 (2024).

The Commonwealth rightly concedes that the judge's application of the probable cause standard was reversible error.

Accordingly, we vacate the probation violation finding, as well as the order revoking probation based on that violation.[1,2]

Conclusion.  The judge's finding of a probation violation is vacated; the order revoking probation and imposing sentence is vacated.  Any further proceedings on the probation violation notice shall be held before a different judge.

So ordered.

By the Court (Massing,
  Neyman & Wood, JJ.[3]),

Clerk

Entered:  April 1, 2025.

---

[1] The defendant also argues that the judge committed reversible error because he relied on hearsay, over a defense objection, without making any findings as to why it was reliable and because he permitted Officer O'Doherty to opine, again over a defense objection, that F.D.'s scrapes on his back and shoulder indicated "[t]hat he was assaulted."  Because we vacate the probation revocation finding, as well the order revoking probation and imposing sentence, we need not reach these issues.

[2] The defendant asks that we remand to a different judge. Under the particular facts and on the record before us in this case, we agree that, in the event there are further proceedings, such an order is proper.  See Commonwealth v. Henriquez, 440 Mass. 1015, 1016 (2003) (discussing when "reassignment is advisable to preserve the appearance of justice" [quotation omitted]).

[3] The panelists are listed in order of seniority.