NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-538

COMMONWEALTH

vs.

BOBBY ANTHONY.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Bobby Anthony, appeals from (1) an order of a judge in the Boston Municipal Court revoking his probation based on a finding that he committed a new criminal offense, and (2) an order denying his motion to reconstruct the record of the probation violation hearing.  Because, as the Commonwealth concedes, the extant record reflects that the judge erred in evaluating evidence of the new offense under a probable cause, not preponderance of the evidence, standard, we vacate the probation violation finding and the order revoking probation based on that violation.  We dismiss as moot the remainder of the appeal.

In 2022, the defendant pleaded guilty to possession with intent to distribute a class A controlled substance, G. L. c. 94C, § 32 (a), distribution of a class A controlled substance, G. L. c. 94C, § 32 (a), and possession with intent to distribute a class B controlled substance, G. L. c. 94C, § 32A (a). He was sentenced to a term of two years of probation. His conditions of probation included the standard condition that he obey "all local, state and federal laws, and court orders, including abuse and harassment prevention orders, and support orders."

In its notice of probation violation, the probation department alleged that on November 20, 2023, the defendant violated his probation by violating a criminal law, namely, assault and battery on a family or household member. The probation violation hearing was held on February 6, 2024. At the outset, the judge asked defense counsel whether he disputed "that the Defendant's been charged with committing a new offense." Three police officers proceeded to testify about the new alleged offense, and the defendant testified as well. At one point during the defendant's testimony, the judge directed defense counsel to "move on" from questions that addressed "the mental state" of the defendant. The judge stated, "I thought what was at issue was whether or not he had been arrested for a

2

new offense. . . . I don't care how he felt about it at the time." At the conclusion of the hearing, the judge found "that [the defendant] violated the terms and conditions of probation." The judge revoked the defendant's probation and sentenced him to a term of two years in the house of correction with three years' probation to follow after his release.

The standard of proof applicable at a probation violation hearing is preponderance of the evidence. See Commonwealth v. Eldred, 480 Mass. 90, 101-102 (2018); Commonwealth v. King, 71 Mass. App. Ct. 737, 740 (2008); Rule 6(c) of the District/Municipal Court Rules for Probation Violation Proceedings (2015) ("The standard of proof at such hearings shall be the preponderance of the evidence"). Preponderance of the evidence is a higher standard than probable cause. See Commonwealth v. Tyson, 104 Mass. App. Ct. 739, 741 (2024). Accordingly, "[t]he mere filing of criminal charges against a probationer is not enough to show a violation of probation." Commonwealth v. Calvo, 41 Mass. App. Ct. 903, 904 (1996), citing Commonwealth v. Maggio, 414 Mass. 193, 197-199 (1993).

As the Commonwealth acknowledges, the judge's focus at the hearing "on whether the defendant was simply arrested and charged strongly indicates that [he] was viewing the alleged violation through the lens of probable cause." The judge also

3

appeared to limit the scope of the defendant's testimony based on his erroneous understanding of "what was at issue." Because the judge found a violation of probation based on the wrong standard, that finding cannot stand, and the order revoking probation based on that finding must be vacated. See Commonwealth v. Hartfield, 474 Mass. 474, 485 (2016).

The defendant also asks that we remand to a different judge in the event there are further proceedings. We may remand a matter to a different judge if we conclude that "reassignment is advisable to preserve the appearance of justice" (citation omitted). See Commonwealth v. Henriquez, 440 Mass. 1015, 1016 (2003). Given the particular facts and on the record before us, we agree that such an order is proper. In addition to failing to apply the correct standard and limiting the scope of the defendant's testimony based on that error, the judge made certain comments during the probation revocation hearing and subsequent status hearing that created at least the appearance of partiality or bias against the defendant, including at one point stating that he would not reconsider the defendant's sentence because "people don't get extra consideration when they act like jerks."[1]

---

[1] Because we vacate the probation violation finding, as well the order revoking probation and imposing sentence, we need not

Conclusion.  The judge's finding of a probation violation and the order revoking probation and imposing sentence are vacated.  The case is remanded and any further proceedings on the probation violation notice shall be held before a different judge.  The appeal from the order denying the motion to reconstruct the record is dismissed as moot.

                              So ordered.

                              By the Court (Rubin,
                                Massing & Toone, JJ.[2]),

                              Clerk

Entered: June 16, 2026.

---

address the defendant's other due process arguments or his challenge to the denial of his motion to reconstruct the record.

   [2] The panelists are listed in order of seniority.

5